Josephine C. Flynn (afterwards Joseph J. Flynn, administrator,) *vs.* Henry B. Lewis.

Joseph J. Flynn, administrator, *vs.* Same.

Essex.   November 14, 1918. — January 3, 1919.

Present: Rugg, C. J., Loring, Braley, Pierce, & Carroll, JJ.

*Negligence,* Invited person, Causing death.   *Motor Vehicle.   Evidence,* Of negligence at other times, Competency.   *Practice, Civil,* Exceptions.

In an action by a young girl against the owner of a motor car for personal injuries caused by the negligence of the defendant's chauffeur, which resulted in the overturning of the car when the plaintiff was being transported in it by invitation of the defendant's daughter authorized by the defendant, where it appears that the plaintiff was a friend of the defendant's daughter, that, with the defendant's permission, she was asked by the daughter to go with her to help her to select a fur coat and that the accident happened when they were returning, the plaintiff has only the right of an invited guest who was travelling gratuitously, and the defendant is not liable at common law for her injuries unless they were caused by the gross negligence of his servant, the chauffeur.

In the case above described it also was *held* that whether the chauffeur was grossly negligent was a question of fact for the jury on the evidence presented and that the presiding judge rightly refused to rule as matter of law that upon all the evidence the plaintiff had established gross negligence on the part of the chauffeur.

In the case above described the presiding judge excluded evidence offered by the plaintiff to show, that on the morning of the day of the accident, when the defendant's wife was using the motor car, the chauffeur drove fast, the plaintiff contending that this tended to show reckless habits of the chauffeur which were known or ought to have been known to the defendant, and it was *held* that the evidence was excluded properly.

In the same case a witness, who accompanied by his housekeeper was passing over the road in a touring car and saw the accident, was asked by the plaintiff, whether "he saw his housekeeper do anything when she saw" the defendant's car.   The judge excluded the question, subject to the plaintiff's exception, but there was nothing in the bill of exceptions to show what answer was expected from the witness.   It was *held* that, for this reason alone, no exception to the exclusion of the unknown answer could be sustained, and it also was *said,* that, even if the answer would have been that the housekeeper exhibited signs of fright, which the jury could have inferred were caused by what she had seen, this evidence would have been incompetent to show negligence on the part of the chauffeur.

In an action by an administrator under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing the death of the plaintiff's intestate when she was travelling as an invited guest in the defendant's motor car, which was overturned by reason

of the negligent driving of the defendant's chauffeur, it is right for the presiding judge to refuse to rule that the plaintiff cannot recover unless gross negligence of the chauffeur is shown, because the statute by its terms provides for recovery on proof of only ordinary negligence.

TWO ACTIONS OF TORT against the owner of a motor car, the first begun by Josephine C. Flynn and, after her death, allowed to be prosecuted by Joseph J. Flynn, the administrator of her estate, for personal injuries sustained on November 8, 1916, when the original plaintiff was being transported as an invited guest and as assistant to the defendant's daughter in a motor car of the defendant driven negligently and also recklessly and with gross negligence by one Danforth, who was the servant of the defendant. The second action was brought by the administrator of the estate of Josephine C. Flynn under R. L. c. 171, § 2, as amended by St. 1907, c. 375, for causing her death by the same injuries. Writs dated respectively June 18 and October 31, 1917.

In the Superior Court the cases were tried together before *Morton*, J. The evidence is described in the opinion. At the close of the evidence the plaintiff asked the judge to make in the first action the following rulings:

"1. If the jury find that the plaintiff's intestate was in the machine for the purpose of assisting the defendant's daughter at the request of the defendant, through his daughter, the defendant owed her a higher degree of care to transport her safely than if she was a mere guest, and is liable for his negligence or that of his servant or agent.

"2. Upon all the evidence the plaintiff's intestate was not a mere guest but at least one of her purposes in the machine was of assisting the defendant's daughter at the request of the defendant, through his daughter, in the selection of a garment and it is not necessary for the plaintiff to prove gross negligence on the part of the defendant or his agent or servant in order to recover.

"3. Upon all the evidence the plaintiff has established gross negligence on the part of the chauffeur."

The judge refused to make any of these rulings, and ruled that the plaintiff's intestate was a mere guest and that in order to recover the plaintiff must prove gross negligence on the part of the defendant or his chauffeur.

In the second action, under the statute, for causing the death

of the plaintiff's intestate, the defendant asked the judge to rule, "that upon all the evidence the plaintiff could not recover in this action for ordinary negligence of the defendant or of his chauffeur, for the reason that the plaintiff's intestate was a guest in the defendant's car and that the defendant could not be liable except for the gross negligence upon either his part or upon the part of said chauffeur." The judge refused to make this ruling.

The judge then submitted to the jury certain special questions, which, with the answers of the jury, were as follows:

In the common law action:

"1. Was the defendant Lewis grossly negligent in retaining Danforth in his employ as a chauffeur?" The jury answered, "No."

"2. Was Danforth, the chauffeur, grossly negligent at the time of the accident?" The jury answered, "No."

"3. Was Miss Flynn in the exercise of due care?" The jury returned no answer.

"4. If answer to either the first or second question is Yes — and the answer to the third question is Yes — then the damages?" The jury returned no answer.

In the action under the statute for causing death:

"1. Was Lewis negligent in retaining Danforth as chauffeur?" The jury answered, "No."

"2. Was Danforth negligent at the time of the accident?" The jury answered, "Yes."

"3. Was Miss Flynn in the exercise of due care?" The jury answered, "Yes."

"4. If answer to either first or second question is Yes — and answer to third question is Yes — amount of penalty?" The jury answered "$5,500."

Thereupon by order of the judge the jury returned a verdict for the defendant in the first action, at common law, and in the second action, under the statute, returned a verdict for the plaintiff in the sum of $5,500.

In the first action the plaintiff alleged exceptions, including the exceptions to the exclusion of certain evidence which are described in the opinion.

In the second action the defendant alleged exceptions.

R. L. c. 171, § 2, as amended by St. 1907, c. 375, begins as

follows: "If a person or corporation by his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business, causes the death of a person who is in the exercise of due care and not in his or its employment or service, he or it shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars to be assessed with reference to the degree of his or its culpability or of that of his or its agents or servants, . . ."

*W. Coulson*, for the plaintiff.

*W. I. Badger*, for the defendant.

BRALEY, J.    The plaintiff's intestate while travelling in the defendant's automobile driven by a chauffeur employed by him, having suffered personal injuries, which after a period of conscious suffering resulted in death, the first action is at common law for her injuries, and the second action is brought under R. L. c. 171, § 2, as amended by St. 1907, c. 375, to recover damages for her death.    The jury having found on evidence which warranted the finding, that the overturning of the automobile was due to the negligence of the chauffeur and that the decedent was in the exercise of due care, we come to the question of the defendant's liability.

It was uncontroverted that the decedent was in the automobile on the invitation of the defendant's daughter to whom her father had given permission to use it for the purpose of going from Lawrence to Boston to buy a fur coat, and it was on the return journey that the accident happened.    The defendant's responsibility rests on the authority conferred on his daughter to invite the decedent to accompany her.    *Kennedy v. R. & L. Co.* 224 Mass. 207–209.    The jury of course had the right to believe the evidence of the administrator who testified that, in an interview after the accident, the defendant said that his daughter told him "they were going to a football game on Saturday and asked me if she could have a fur coat.    I told her of course she could.    Then she asked me if she could have the machine, and if she could invite Josephine," the decedent, "to go to Boston with her to help her to select her coat.    I told her she could."    The question is the same as if the defendant personally had invited the decedent to accompany his daughter to help in the selection of the garment. It was agreed at the argument that they were intimate friends,

and often had driven together in the automobile, and it is plain that the decedent neither asked nor expected any recompense, but went for the accommodation of her friend by whom transportation for their mutual companionship and enjoyment had been provided. The element of any pecuniary benefit or gain to the defendant being absent, the transaction was gratuitous, under which the defendant is liable only for gross negligence in the operation of the automobile. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *West* v. *Poor,* 196 Mass. 183. The case of *Loftus* v. *Pelletier,* 223 Mass. 63, where the evidence warranted a finding that the plaintiff's right to transportation by the defendant, a physician, was an implied term of her contract of employment as a nurse, is plainly distinguishable.

The plaintiff's first and second requests, "If the jury find that the plaintiff's intestate was in the machine for the purpose of assisting the defendant's daughter at the request of the defendant, through his daughter, the defendant owed her a higher degree of care to transport her safely than if she was a mere guest, and is liable for his negligence or that of his servant or agent," and that "Upon all the evidence the plaintiff's intestate was not a mere guest, but at least one of her purposes in the machine was of assisting the defendant's daughter at the request of the defendant, through his daughter, in the selection of a garment, and it is not necessary for the plaintiff to prove gross negligence on the part of the defendant or his agent or servant in order to recover," were properly denied.

The plaintiff's third request, to rule that upon all the evidence the plaintiff has established gross negligence on the part of the chauffeur, could not have been given. It was a question of fact for the jury, who have answered in the negative.

The plaintiff in this connection offered to show, that on the forenoon of the day of the accident the chauffeur, when the defendant's wife was using the car, drove fast, on the ground that any reckless habits of the employee which are known or ought to have been known to the employer are admissible. The evidence was inadmissible. *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11, 14.

The question whether "he saw his housekeeper do anything when she saw the Packard" meaning the defendant's car, which

was asked by the plaintiff of a witness called by him and who accompanied by his housekeeper was passing over the road in a touring car and observed the accident, also was excluded rightly. The short answer is, that no offer, nor any statement, as to what the answer to the question would be was made. *Lee* v. *Tarplin,* 183 Mass. 52, 54. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392, 396. But even if the answer had been that the housekeeper exhibited signs of fright which the jury could have inferred were caused by what she had seen, the evidence would not have been competent as tending to prove negligence of the chauffeur.

The final ruling to which the plaintiff also took exceptions, that unless gross negligence was proved the plaintiff could not recover, was correct.

Finding no error of law in the trial of the first case, we pass to the defendant's exceptions in the second case. The defendant requested the judge to rule that the plaintiff could not recover unless gross negligence was proved. But the statute in express terms requires proof only of ordinary negligence, and the ruling could not have been given. *Brown* v. *Thayer,* 212 Mass. 392, 397, 398.

The exceptions in each case must be overruled, and it is

*So ordered.*