SIMPSON BROS. CORPORATION *vs.* MERRIMAC CHEMICAL
COMPANY.

Suffolk.    January 15, 1924. — March 5, 1924.

Present: RUGG, C.J., DeCOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Construction, Performance and breach, Building contract.
*Words,* " Approved."

A contract in writing for the construction of a reinforced concrete oil tank
provided in one paragraph that " The work shall be done in accord-
ance with drawings accompanying specifications, as made by the con-
tractor and approved by the owner." The owner approved the speci-
fications. The design of the tank was inadequate for the conditions
as they existed and the contractor in designing did not use reasonable
and ordinary engineering skill and care. The tank failed. The owner
sought damages. *Held,* that
    (1) The approval of the plan by the owner did not, as a matter of
law, mean an unqualified acceptance and sanction of the whole scheme
in all its details, and did not preclude the owner from the enforcement
of a claim for damages caused by a lack of reasonable skill on the part
of the contractor resulting in an inadequate plan;
    (2) The owner was entitled to damages.
In defence of the owner's claim as above described, the contractor cannot
rely upon a contention that he submitted the plan to consulting engi-
neers employed by the owner, who approved thereof, if it appears that
the consulting engineers made certain suggestions to the contractor
which the contractor did not carry out.

ARBITRAMENT, under G. L. c. 251, of a dispute between the
parties as to the construction and performance or breach of
a contract in writing for the construction of a reinforced
concrete reservoir for fuel oil storage at the plant of the
Merrimac Chemical Company at Everett. The report of
the arbitrators was dated September 25, 1923, was received
in the Superior Court on October 9, 1923, and was opened
and filed on November 19, 1923.

Material facts are described in the opinion. In the Su-
perior Court, both parties moved for judgment, Simpson Bros.
Corporation, on a minority report of one of the arbitrators,
for $3,375.22 and interest, and Merrimac Chemical Company,

on the report, for $13,420.97 and interest. The motions were heard by *Lawton,* J. Simpson Bros. Corporation asked for the following rulings:

" 1. The contract of the parties having provided through the specifications annexed to said contract and made a part thereof that ' The work shall be done in accordance with drawings accompanying specifications as made by the contractor and approved by the owner,' and the work having been completed in accordance with said contract and specifications, the Merrimac Chemical Company is bound by its approval of the plan and can not recover for any defect in said plan or any negligence in the designing and preparation thereof.

" 2. Inasmuch as it appears from the facts found that the plan prepared by Simpson Bros. Corporation was submitted to engineers employed by the Merrimac Chemical Company and was examined by them, the Merrimac Chemical Company is now estopped to deny that it is not bound by the provision of the contract that the plan was approved by it.

" 3. That inasmuch as it appears from the facts found by the arbitrators that the design and plan prepared by Simpson Bros. Corporation was submitted to J. R. Worcester Company, consulting engineers employed by the Merrimac Chemical Company and were approved by them as safe against floatation, and inasmuch as it also appears from the facts that the damage to the tank was caused through floatation, the Merrimac Chemical Company can not be heard to say that it is not bound by its approval of its plans as set forth in the contract and specifications.

" 4. That upon the facts stated in the report, judgment should be entered for Simpson Bros. Corporation in the amount found by the minority arbitrator.

" 5. That the arbitrators were directed to report by the agreement of the parties, and have intended to report, to the court the questions of law raised by the foregoing rulings."

The judge ruled as follows:

" On motion of Merrimac Chemical Company for acceptance and confirmation of the award and for order of judgment thereon.

" The motion is allowed. The report of the majority of the arbitrators is accepted and confirmed and judgment in accordance therewith is ordered for the sum of $13,420.97 with interest at 6 per cent from September 25, 1923, the date of filing the award, to the date of judgment.

" Simpson Bros. Corporation made five requests for rulings. The first four requests are refused. As regards the fifth request I rule that in the first paragraph on page 11 of their report the arbitrators reserved a question of law by the phrase, ' unless such approval is to be implied as a matter of law by reason of the recital in paragraph 2 of the specifications.' "

Simpson Bros. Corporation alleged exceptions.

*E. A. Whitman,* for Simpson Bros. Corporation.

*F. D. Putnam,* for Merrimac Chemical Company.

CARROLL, J. The plaintiff (hereinafter called the contractor), whose business was the designing and building of reinforced concrete structures, including reinforced concrete oil tanks, made a contract with the defendant (hereinafter called the owner), a corporation engaged in the business of manufacturing heavy chemicals, to build for it an underground concrete tank for the storage of fuel oil. The plan was prepared by the contractor and submitted to the owner. The drawings and specifications were part of the contract, the specifications in paragraph 2 providing, " The work shall be done in accordance with drawings accompanying specifications, as made by the contractor and approved by the owner."

The matters in dispute between the parties were by a written agreement submitted to arbitrators, the contractor contending that it had performed its contract and was entitled to the balance of the contract price. The owner contended that the tank was badly designed; that the contractor failed to use reasonable and ordinary engineering skill in designing it; and that it was entitled to recover damages. The contention of the owner was sustained by a majority of the arbitrators. The agreement of arbitration directed the arbitrators to " report any findings of fact necessary to the decision of any question of law raised, and

shall report their rulings on such questions." A majority of the arbitrators found that no representative of the owner approved of the plans showing the design of the tank " in any particular relating to its strength or ability to hold oil unless such approval is to be implied as a matter of law by reason of the recital in paragraph 2 of the specifications"; that no representative of the owner attempted to supersede the judgment of the contractor's engineer in any matter relating to the design or construction of the tank; that the design of the tank was inadequate for the conditions as they already existed; that in designing the tank the contractor did not use reasonable and ordinary engineering skill and care, and that the failure of the tank was due solely to this fact. The case is before us on the contractor's exceptions. *Giles* v. *Royal Ins. Co.* 179 Mass. 261, 268.

The approval of the plan by the owner, under the clause in the specifications already referred to, did not, as matter of law, mean an unqualified acceptance and sanction of the whole scheme in all its details, as planned by the contractor. By approving the plan the owner did not excuse the contractor from the exercise of ordinary and reasonable skill in designing the structure. The owner had the right to rely on such skill and had the right to assume that it would be exercised. It could approve the plan submitted, without depriving itself of a remedy, if the plan was inadequate, or, because of a lack of reasonable skill on the contractor's part, the tank failed to hold the oil for which it was designed. The word " approved " has been used to mean determination, examination and positive sanction. See G. L. c. 74, § 1. *Galligan* v. *Leonard*, 204 Mass. 202, 205. *Amory* v. *Lowell*, 104 Mass. 265. *Brown* v. *Newburyport*, 209 Mass. 259. *McLean* v. *Mayor of Holyoke*, 216 Mass. 62, 64, 65. *Simpson* v. *Marlborough*, 236 Mass. 211, 214. The word, however, was not used in this sense in the contract of the parties. The owner approved the general plan submitted. This did not mean that all the particular details of the plan, — the engineering skill and the sufficiency of the structure, — were approved in all the respects called for by the contract. See *Shipman* v. *State*, 43 Wis. 381, 390, 391.

The owner was not estopped from showing the defects in the plan and the contractor's lack of skill. The second request of the contractor was denied properly.

J. R. Worcester and Company were consulted at the suggestion of the contractor's engineer, to ascertain if the tank as designed would be safe against flotation, provided it was placed two feet below the existing surface. Certain suggestions were made by J. R. Worcester and Company to the contractor, but were not carried out by it. The request relating to the employment of J. R. Worcester and Company by the owner and the effect of its approval were properly denied.

*Exceptions overruled.*