SAMUEL JACKSON *vs.* J. D. QUEEN.

Worcester.  September 29, 1926. — November 24, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Invited person, Motor vehicle.

At the trial of an action against a bottler and a manufacturer of soft drinks, for personal injuries received when the plaintiff was thrown from a truck of the defendant loaded with goods which the plaintiff had purchased, there was evidence that the plaintiff had ordered the goods on a Saturday and had told the defendant that he needed them "right away"; that the defendant, while saying that he did not do business on Saturday, finally asked the plaintiff and the plaintiff's brother, who was present, if they would assist in loading the truck; that the goods were so loaded, the defendant directed the plaintiff where to sit on the goods, and the truck was driven off by the defendant's employee; and

that while the truck was rounding a sharp curve at the corner of intersecting streets at a speed of from twenty-five to thirty miles an hour, the plaintiff was whirled off and injured. *Held,* that

(1) It could not be ruled as a matter of law that the plaintiff was a guest, or that his transportation was gratuitous;

(2) The journey was not an enterprise in which the parties had equal rights;

(3) The questions of negligence of the defendant and contributory negligence of the plaintiff were for the jury.

TORT for personal injuries. Writ dated July 20, 1923.

In the Superior Court, the action was tried before *Gray*, J. Material evidence is described in the opinion. At the close of the evidence, a motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $1,200. The defendant alleged exceptions.

*C. C. Milton,* (*S. B. Milton* with him,) for the defendant.

*J. J. MacCarthy,* (*J. F. McGrath* with him,) for the plaintiff.

BRALEY, J. This is an action of tort for personal injuries suffered by the plaintiff from being thrown off a truck owned by the defendant, a bottler and manufacturer of soft drinks, and operated on a public way by the defendant's employee. The jury, although finding specially that there was no proof of gross negligence, returned a verdict for the plaintiff, which must rest upon the ground that while in the exercise of ordinary care the plaintiff was injured through the carelessness of the driver. It is contended by the defendant that his motion for a directed verdict should have been granted because the plaintiff was negligent, and that the plaintiff and defendant were using the truck while engaged in a joint enterprise.

The accident happened on Saturday, July 18, 1923. There was evidence that in the morning the truck was loaded with cases of tonic bought of the defendant which were to be transported to "Tech Field" in the city of Worcester, nearly three miles distant from the defendant's store, where the plaintiff on the day of purchase intended to sell at retail tonic and other articles of food and drink to children in attendance at a picnic. The plaintiff informed

the defendant that "he wanted fifty cases of tonic . . . right away." But the defendant, while saying that he did not do business on Saturday, finally asked the plaintiff and the plaintiff's brother who was present if they would assist in loading the truck. The tonic, consisting of thirty-five cases, was loaded by the plaintiff and his brother and the defendant's son. The defendant directed the plaintiff, who was to help the driver unload and show him the place of delivery, to take his seat in the back of the truck on top of the tonic where he had placed a loose board. The truck started, and, while rounding a sharp curve at the corner of an intersecting street at a speed from twenty-five to thirty miles an hour, the plaintiff was whirled off and injured.

The jury could find that, the sale having included delivery at the place where the tonic was to be sold, the plaintiff was lawfully on the truck at the defendant's request, and for his pecuniary benefit. G. L. c. 106, § 32 (1). It could not be ruled as matter of law that the plaintiff was a guest, or that his transportation was gratuitous. *Lyttle* v. *Monto*, 248 Mass. 346. The journey from the store to the field was not an enterprise in which the parties had equal rights. The plaintiff had no power of control over the driver to select the route to be taken, or to instruct him in the management of the truck. *Barry* v. *Harding*, 244 Mass. 588, 592, 593.

If the question of the driver's negligence was for the jury, as it plainly was, *Williams* v. *Holbrook*, 216 Mass. 239, *Altman* v. *Aronson*, 231 Mass. 588, 591, the due care of the plaintiff under all the circumstances was also a question of fact. *Griffin* v. *Hustis*, 234 Mass. 95, 96, 100. *Lowe* v. *Antonelli*, 245 Mass. 237.

*Exceptions overruled.*