Rose Labatte *vs*. May Lavallee.

Middlesex.    January 25, 1927. — March 3, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Agency*, Existence of relation.  *Negligence*, Employer's liability, Motor
  vehicle, Contributory.

In the declaration in an action of tort for personal injuries the plaintiff
  alleged, in substance, that she was riding in an automobile owned and
  operated by the defendant, a woman, at the defendant's invitation and
  that the defendant operated the automobile "in such a careless, negligent
  and unskillful manner, and with such gross and wanton negligence, that
  the same was driven with great force against a telegraph pole on the side
  of the road" causing the injuries for which the action was brought.
  At the trial there was evidence that the plaintiff was employed by the
  defendant in a store; that shortly before the closing of the store at noon
  on a certain day the defendant asked the plaintiff to go with her to a
  neighboring city to see another woman "whom the defendant wanted
  to consult concerning business"; that she said she wanted the plaintiff
  to hear what the other woman would say concerning the defendant's
  business; that when they got there, the defendant had a private interview
  with the other woman; that the plaintiff had no interest in the con-
  versation between the defendant and the other woman or in the
  business discussed by them.  It could have been found that while
  on the return journey the defendant through ordinary negligence ran
  into a telegraph pole.  The defendant did not contend that the conduct
  of the plaintiff contributed to her injuries.  The judge ordered a verdict
  for the defendant.  The plaintiff alleged exceptions.  *Held*, that,
    (1) A finding was warranted that the plaintiff was not a mere guest
  of the defendant, but was subject to her direction and control, and that
  she was injured in the course of her employment;
    (2) It could not rightly have been ruled that the plaintiff and the
  defendant were engaged in a common enterprise;
    (3) The plaintiff's exceptions were sustained.

Tort.  The plaintiff in a declaration in one count alleged
that on or about July 12, 1923, she was riding with the defend-
ant, in an automobile owned and operated by the defendant,
at the defendant's invitation and request; and that, while
the defendant was driving said automobile along a public
way, at a point called Ward Hill, in Bradford, in the county
of Essex, and while the plaintiff was in the exercise of due

care, the defendant operated said automobile "in such a careless, negligent and unskillful manner, and with such gross and wanton negligence, that the same was driven with great force against a telegraph pole on the side of the road," causing the injuries for which the action was brought. Writ dated December 21, 1923.

The defendant's answer contained merely a general denial and an allegation of lack of due care on the part of the plaintiff. The record nowhere contained any reference to the workmen's compensation act.

In the Superior Court, the action was tried before *Burns*, J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*E. J. Tierney*, for the plaintiff.

*A. S. Howard*, for the defendant.

CROSBY, J. This is an action of tort to recover damages for personal injuries. The plaintiff testified that she was an employee of the defendant in her store in Lowell; that shortly before the store closed on July 12, 1923, she was requested by the defendant to go with her to Haverhill to see a Mrs. Langdon "whom the defendant wanted to consult concerning business"; that she said she wanted the plaintiff to hear what Mrs. Langdon would say concerning the defendant's business; that when they got there, the defendant had a private interview with Mrs. Langdon. The plaintiff further testified that she had no interest in the conversation between the defendant and Mrs. Langdon or in the business discussed by them. The plaintiff and defendant went to Haverhill in an automobile owned and operated by the defendant; while returning to Lowell the defendant ran the automobile into a telegraph pole standing on the side of the highway, and the plaintiff was injured.

The accident occurred on a pleasant and cloudless day, and at a time when there was no traffic to interfere with the operation of the car and there were no obstructions in the highway. The automobile ascended a grade to a curve where the way turned nearly at right angles to the left. The pole in question was located where a cinder sidewalk on the

right side of the road beyond the curve joined the macadam highway. The plaintiff testified that, when they reached a point where the grade began to ascend, and about three hundred feet from the pole, she said to the defendant "Don't go so fast, May, be careful, we have a post just as we go around the curve"; that notwithstanding the warning "the defendant continued on her way with unabated speed, and drove her automobile head on into the pole.. . . ."

The defendant testified that she did not see the pole before she struck it; that it was a large pole carrying telegraph wires and cables; that she did not apply her brakes when warned by the plaintiff; that she could not tell that she did anything "to stop her car after she had been notified that they were going into the post." There was evidence that the pole stood in plain view for a distance of seven or eight hundred feet.

It need not be determined whether upon the entire evidence a finding of gross negligence on the part of the defendant would have been warranted. It is plain, however, that the defendant could be found to have been lacking in ordinary care, and that her negligence caused the plaintiff's injuries.

The question remains, whether it could be found that the relation of master and servant existed between the parties at the time of the accident, or whether, as matter of law, upon the entire evidence the plaintiff in taking the trip was merely a guest of the defendant within the rule as stated in *Massaletti* v. *Fitzroy*, 228 Mass. 487, *Flynn* v. *Lewis*, 231 Mass. 550, and *O'Leary* v. *Fash*, 245 Mass. 123.

The undisputed evidence shows that the plaintiff was in the general employ of the defendant; that she complied with the defendant's request to go to Haverhill upon business respecting which the plaintiff had no interest. Although the store was closed at noon on that day, in the light of all the testimony it could not rightly have been ruled as matter of law that at the time of the accident the plaintiff was not in the employ of the defendant. If before the store was closed for the day the plaintiff had returned at the request of the defendant to perform some service in the afternoon, or had

been sent upon an errand by the defendant in the afternoon, it is manifest that she would have been engaged in the employment of the defendant, even if she neither expected nor received compensation for such service. It could have been found that the plaintiff was subject to the direction and control of the defendant in riding with her, and that she was injured in the course of her employment. *Olsen* v. *Andrews*, 168 Mass. 261, 264. *Von Ette's Case*, 223 Mass. 56. *Stacy's Case*, 225 Mass. 174. *Gilbert's Case*, 253 Mass. 538. *Vogel's Case*, 257 Mass. 3.

It could not rightly have been ruled that the parties were engaged in a common enterprise. See *Loftus* v. *Pelletier*, 223 Mass. 63. The case at bar is distinguishable in its facts from cases where one is a mere guest of another and has been permitted to ride gratuitously. In *Flynn* v. *Lewis*, *supra*, it was held at page 554 that no relation of master and servant existed, but that the plaintiff when injured was being transported by the defendant "for their mutual companionship and enjoyment . . . ."

As the questions of negligence of the defendant, and whether the plaintiff was in the service of the defendant when injured, were facts for the jury to decide, a verdict for the defendant could not rightly have been directed.

*Exceptions sustained.*