EMMA GABOURY & another *vs.* HENRY TISDELL.

Worcester.    September 27, 1927. — October 17, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Invited person.

At the trial of an action of tort by two persons against one who was the owner and operator of an automobile for personal injuries received when the plaintiffs were riding in the automobile, it appeared that the plaintiffs were sisters of the defendant's wife and lived in the defendant's

house; that in the automobile besides the plaintiffs were the defendant, his wife and his son; that, when the plaintiffs were invited to go in the automobile by the defendant, one of them said: "I don't like to go on Sunday . . . because there is too much traffic"; to which the defendant replied: "Do come for us . . . it will be more pleasure for us. . . . Everything will be all right. Come along." *Held*, that as a matter of law the plaintiffs were gratuitous guests of the defendant, and he was liable only if their injuries were caused by his gross negligence.

TORT, by two plaintiffs for personal injuries alleged to have been received when the plaintiffs by invitation were riding in an automobile driven by the defendant, and to have been caused by negligence and gross negligence of the defendant. Writ dated June 20, 1925.

In the Superior Court, the action was tried before *Donahue*, J., it being stipulated "that neither plaintiffs nor defendant will take advantage of the fact that the plaintiffs are joined in one action against the defendant, but the case will be treated as if two separate cases had been brought." Material evidence is stated in the opinion. The case was submitted to the jury on the sole question, whether the defendant was guilty of gross negligence. The jury found for the defendant. The plaintiffs alleged exceptions.

*C. E. Tupper*, for the plaintiffs.

*H. J. Nugent*, for the defendant.

CARROLL, J. The plaintiffs were injured while riding in an automobile of the defendant, driven by his agent. The case was submitted to the jury on the count for gross negligence; they were instructed by the judge that the plaintiffs could recover only on the ground that the defendant was guilty of gross negligence; to this instruction the plaintiffs excepted. The jury found for the defendant.

The plaintiffs were sisters of the defendant's wife and lived in the defendant's house. On the day of the accident the defendant, his wife and son, and the plaintiffs, left Worcester for Central Falls, Rhode Island, in the defendant's automobile. The plaintiffs contend that the defendant is liable for his negligence, even if he is not guilty of gross negligence, because, when the plaintiffs were invited by the defendant to ride to Central Falls, one of them said: "I don't like to go on Sunday . . . because there is too much traffic"; to which

the defendant replied: "Do come for us . . . it will be more pleasure for us . . . . Everything will be all right. Come along." As the plaintiffs were the defendant's guests, he was liable only for gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487. The relation in which the plaintiffs stood to the defendant was not changed by the conversation. The desire to have the plaintiffs accompany the defendant, and his statement that they would all have a better time if the plaintiffs joined in the trip and that everything would be all right, did not show that they accompanied the defendant for his benefit, and for this reason *Lyttle* v. *Monto,* 248 Mass. 340, *Jackson* v. *Queen,* 257 Mass. 515, and *Labatte* v. *Lavallee,* 258 Mass. 527, are not in point. In each of these cases the injured person was in the employment of or performing a service for the defendant, and was not his guest. In the case at bar there was no pecuniary gain to the defendant in carrying the plaintiffs to Central Falls. The trip was to be taken for the mutual pleasure of all. The plaintiffs were the defendant's guests; they did not cease to be such because their presence was pleasing to the defendant and they were solicited to accompany him and his family, being assured that "Everything . . . [would] be all right." The instructions to the jury were correct. *Massaletti* v. *Fitzroy, supra. Flynn* v. *Lewis,* 231 Mass. 550.

*Exceptions overruled.*