DAVID BAKER vs. SAMUEL HURWITCH.

Suffolk.   December 12, 1928. — December 13, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Invited person, Licensee.   *Passenger.*

Under a count in the declaration in an action of tort in which it is alleged
that the plaintiff, while rightly and lawfully riding as a passenger in an
automobile owned and driven by the defendant, his uncle, was injured
through the negligence of the defendant in operating his automobile, a
verdict should be ordered for the defendant if the evidence goes no
farther than to show that the plaintiff, who had gone from Boston to
Worcester in response to a request of the defendant to the effect that
he confer the favor of bringing money to the defendant who promised
to give him "a good time" and pay the expense of the plaintiff or bring
him back by automobile, had wished to return by train but, urged by
the defendant, was returning with the defendant in the automobile to
Millis, whence, the defendant promised, after they had visited a rela-
tive, he would make arrangements for the plaintiff to proceed by train
or by the defendant's or a friend's automobile, and that the accident
which caused the plaintiff's injury was on the journey from Worcester
to Millis.

TORT for personal injuries received while riding in an
automobile owned and driven by the defendant on a journey
from Worcester to Millis.   Writ dated July 15, 1926.

In the Superior Court, the action was tried before *Collins*,
J.   Material evidence is stated in the opinion.   At the close
of the evidence, the defendant moved that a verdict be
ordered in his favor.   The motion was denied.   There was
a verdict for the plaintiff in the sum of $1,200.   The de-
fendant alleged exceptions.

*S. A. Seder*, for the defendant.

*H. S. Avery*, for the plaintiff, submitted a brief.

RUGG, C.J.   This is an action of tort to recover compen-
sation for personal injuries alleged to have been received by
the plaintiff while riding in an automobile owned and driven
by the defendant.   There were two counts in the declaration,
one alleging that the plaintiff was riding as a guest and was

injured through the gross negligence of the defendant. That count drops out of the case because the jury found that the defendant was not grossly negligent. The other count alleged that the plaintiff while rightly and lawfully riding as a passenger was injured through the negligence of the defendant in operating his automobile.

There was evidence tending to show that the plaintiff, a nephew of the defendant, went from Boston to Worcester on a Thursday at the request of the defendant to the effect that he confer the favor of bringing money to the defendant who promised to give him "a good time" and pay the expense of the plaintiff or bring him back by automobile. The plaintiff took the money to the defendant as requested and remained as guest with the defendant until the following Sunday when, after some urging, the plaintiff did not return to Boston by train but rode with the defendant in his automobile to Millis to visit a relative, the defendant saying that "either he made arrangements or he knows friends that will be there with machines from Boston and he will see that I should have somebody to go to Boston from Millis, which is a shorter way than from Worcester, and if they are not there he will take us to the nearest railroad station, and if not, he said he will take us with his own machine to Boston." The plaintiff testified that the defendant said to him "I won't let you go by train, you have to go with me, because I want to be sure"; that he did not pay the defendant anything for the trip and received nothing from the defendant therefor, and that the defendant invited him to ride to Millis.

The evidence need not be recited in further detail. It is insufficient to indicate anything more than the friendly relations or the sense of mutual obligation arising between kindred. It falls short of showing any contractual duty between the parties or any legal benefit conferred by the plaintiff upon the defendant at the latter's request. The facts bring the case within the authority of *West* v. *Poor*, 196 Mass. 183, *Massaletti* v. *Fitzroy*, 228 Mass. 487, and *Flynn* v. *Lewis*, 231 Mass. 550, and distinguish it from cases like *Loftus* v. *Pelletier*, 223 Mass. 63, *Lyttle* v. *Monto*, 248 Mass. 340, *Labatte* v. *Lavallee*, 258 Mass. 527, and *Murphy* v.

*Barry,* 264 Mass. 557. The request of the defendant for a directed verdict ought to have been granted.

The exceptions are sustained, and, in accordance with G. L. c. 231, § 122, judgment may be entered for the defendant.

*So ordered.*