HARRY R. NICHOLS *vs*. ALBERT E. ROUGEAU.

Berkshire.    September 11, 1933. — November 9, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Negligence,* Toward passenger for hire, Licensee, Invited person. *Passenger. Custom.*

At the hearing in a district court of an action of tort for personal injuries sustained because the defendant negligently drove a motor truck upon which the plaintiff was riding, there was evidence that the defendant had been hired to transport a table and was to be paid upon the basis of the time taken for the work; that the hirer also employed the plaintiff to assist the defendant in loading, transporting and delivering the table; that with the assistance of the plaintiff the defendant loaded the table onto the truck but did not fasten it to the platform; that the plaintiff, under instructions from his employer, rode upon the platform of the truck for the purpose of steadying the table and preventing it from sliding; and that there was a custom among truckmen that, where articles were being transported for short distances and were not securely bound to the truck and required steadying, a helper was carried on the rear of the truck to protect the articles so transported. The defendant testified that he had no knowledge of such a custom, and that he did not consider it necessary for the plaintiff to be on the truck. There was a finding for the plaintiff. *Held*, that

(1) The presence of the plaintiff, who accompanied the defendant on the truck to keep the table in place because it had not been fastened or secured thereto, properly could be found to have been with the assent and approval of the defendant and thereby to have conferred upon him a pecuniary benefit in the performance of something in which he had an interest;

(2) It could not properly have been ruled that the plaintiff was on the truck as a mere licensee or as an invited guest;

(3) It was proper for the judge to find and rule that at the time of the injury the plaintiff was a passenger for hire upon the automobile truck of the defendant, and that therefore the defendant was bound to exercise the skill, care and diligence in operating the motor truck ordinarily exercised by those engaged in the same pursuit;

(4) In the circumstances, it properly could have been found from the existence of the custom that the parties knew of it;

(5) It also properly could have been found that the findings as to the custom warranted the further finding that the plaintiff was being carried by the defendant as a part of his contract with the plaintiff's employer;

(6) The finding for the plaintiff was warranted.

TORT. Writ in the District Court of Northern Berkshire dated September 17, 1931.

In the District Court, the action was heard by *Phelps*, J. Material evidence and findings by the judge are described in the opinion.

The defendant's requests for rulings were as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. If the court finds that the plaintiff was a mere licensee upon the truck of the defendant, the defendant owed no greater duty to the plaintiff than to refrain from wilful, wanton or reckless disregard of the safety of the plaintiff.

"3. If the court finds that the defendant did not know that the plaintiff was on the defendant's truck, then the plaintiff cannot recover unless the plaintiff prove that the defendant was guilty of wilful, wanton or reckless disregard of the plaintiff's safety.

"4. If the court finds that the plaintiff assumed a position of unnecessary danger upon the truck of defendant, the plaintiff cannot recover unless the court finds that the defendant was guilty of wilful, wanton and reckless disregard of the plaintiff's safety.

"5. If the court finds that the plaintiff was an invited guest upon the truck of the defendant, the plaintiff must show the defendant was guilty of gross negligence in order to recover.

"6. All of the evidence in this case falls short of proving the defendant guilty of a heedless and palpable violation of legal duty to the plaintiff.

"7. All of the evidence in this case falls short of proving the defendant guilty of ordinary negligence.

"8. All of the evidence in this case falls short of proving the defendant guilty of any wanton, wilful or reckless disregard of the plaintiff's safety or of the defendant's duty to the plaintiff."

The plaintiff's requests for rulings were as follows:

"1. That the defendant was an independent contractor.

"2. That the plaintiff and the defendant were not fellow servants.

"3. That the plaintiff and defendant were not engaged in a joint enterprise.

"4. That Robert Pringle, who hired the motor truck of the defendant, exercised no control over its operation, the course or manner in which it was driven.

"5. That the plaintiff had no control over the operation of the motor truck or the course or manner in which it was driven.

"6. That the plaintiff did not operate said motor truck or direct its operation in any manner whatsoever.

"7. That the sole and exclusive control of said motor truck, the ways on which it was to be driven, the manner of its being driven, its speed and operation was exclusively in the defendant.

"8. That at the time of the accident, the plaintiff was in the exercise of due care.

"9. That the defendant was guilty of negligence in his handling of the motor truck and his negligence was the sole cause of the injury to the plaintiff.

"10. That at the time of the injury the plaintiff was a passenger for hire upon the automobile truck of the defendant.

"11. That the defendant was bound to exercise the usual skill, care and diligence in operating the motor truck, upon which the plaintiff was a passenger for hire as ordinarily exercised by those engaged in the same pursuit."

Disposition made of the requests for rulings is stated in the opinion. The judge found for the plaintiff in the sum of $1,200, and reported the action to the Appellate Division for the Western District. The report was ordered dismissed.

The case was submitted on briefs.

*V. O. Cote,* for the defendant.

*E. K. McPeck & F. W. Cassidy,* for the plaintiff.

CROSBY, J. This is an action of tort to recover damages for personal injuries received by the plaintiff while riding upon a truck owned and operated by the defendant.

The report contains all the evidence material to the questions reported and in substance is as follows: One

Pringle, a truckman in North Adams, employed the defendant, who was also engaged in a general trucking business, to transport a pool table from one residence to another in North Adams. The compensation to be paid the defendant therefor was to be computed upon the basis of the time taken to do the work. Pringle also employed the plaintiff to assist the defendant in loading, transporting and delivering the table. With the assistance of the plaintiff the defendant loaded the table onto the truck placing it on the open platform, but did not in any way fasten it thereto. The plaintiff, under instructions from Pringle, rode upon the platform of the truck for the purpose of steadying the table and preventing it from sliding. There was evidence tending to show a custom among truckmen that, where articles are being transported for short distances and are not securely bound to the truck and require steadying, a helper is carried on the rear of the truck to protect the articles so transported. The defendant testified that he had no knowledge of such a custom, and that he did not consider it necessary for the plaintiff to be on the truck. When the truck reached the place where the table was to be delivered, the defendant backed it unexpectedly and with force into the driveway; one wheel struck a curbing about nine inches above the edge of the gutter and the truck came to a sudden stop. The plaintiff at that time was standing on the rear of the truck, supporting himself by holding onto the railing, and with one foot against the pool table to steady it. The truck was backed with such force that the contact with the curbing and its sudden stopping threw him off his feet in such a manner as to strike his kneecap causing the injuries complained of in this action.

The judge found that the plaintiff was a passenger for hire, that the defendant was an independent contractor, and that the plaintiff and the defendant were not engaged in a joint enterprise. It was further found that the defendant was in sole control of the operation of the truck, and that neither Pringle nor the plaintiff exercised any control over its operation; that the defendant either knew

that the plaintiff was upon the truck at the time of the accident or by the exercise of reasonable care and diligence should have known of his presence there; that the defendant was guilty of ordinary negligence by driving the truck backward suddenly and without warning to the plaintiff and striking the curbing with such force as to cause injury to him.

The plaintiff filed eleven requests for rulings, all of which were given. The defendant filed eight requests for rulings, one of which was given and the others were refused. The judge found for the plaintiff and assessed damages in the sum of $1,200.

The Appellate Division found that there was no prejudicial error in the refusal to rule as requested by the defendant, and that there was no error in the rulings made, and ordered the report dismissed. The defendant appealed.

A finding was warranted that at the time the plaintiff was injured he was in the exercise of due care.

The defendant contends that the plaintiff was not a passenger for hire as found by the judge, and therefore that the defendant could be liable only for gross negligence. The defendant, having been employed by Pringle, had an interest in seeing that the table was not damaged in transportation. If so damaged as the result of his negligence, he would be responsible therefor. The presence of the plaintiff, who accompanied the defendant on the truck to keep the table in place as it had not been fastened thereto or secured in any way, could be found to have been with the assent and approval of the defendant and thereby to have conferred upon him a pecuniary benefit in the performance of something in which he had an interest. *Baker v. Hurwitch*, 265 Mass. 360, 361, and cases cited. It could not properly have been ruled that the plaintiff was on the truck as a mere licensee or as an invited guest. *Loftus v. Pelletier*, 223 Mass. 63. *Lyttle v. Monto*, 248 Mass. 340. *Jackson v. Queen*, 257 Mass. 515, 517. *Gaboury v. Tisdell*, 261 Mass. 147, 149. *Foley v. McDonald*, 283 Mass. 96. See also *Labatte v. Lavallee*, 258 Mass. 527; *Murphy v. Barry*, 264 Mass. 557, 558; *Jacobson v. Stone*, 277 Mass.

323, 325; *Hall* v. *Smith*, 283 Mass. 166, 168–169. The cases of *West* v. *Poor*, 196 Mass. 183, *Flynn* v. *Lewis*, 231 Mass. 550, and other cases cited by the defendant are distinguishable from the case at bar.

The defendant excepted to the giving of the plaintiff's eighth, ninth, tenth and eleventh requests. The eighth and ninth presented questions of fact rather than rulings of law, and were so construed by the trial judge. The tenth and eleventh were as follows: "10. That at the time of the injury the plaintiff was a passenger for hire upon the automobile truck of the defendant. 11. That the defendant was bound to exercise the usual skill, care and diligence in operating the motor truck, upon which the plaintiff was a passenger for hire as ordinarily exercised by those engaged in the same pursuit." These requests were properly given. The plaintiff could have been carried for hire if he was being carried for the purpose of assisting the defendant as an employee or *quasi* employee (see *Lyttle* v. *Monto*, 248 Mass. 340) or if he was being carried as an employee or *quasi* employee of Pringle. Even if the evidence warranted a finding that the plaintiff was being transported as an employee or *quasi* employee of the defendant, the trial judge did not so find and we cannot say that he should have made that finding. The finding that the plaintiff was being carried as a passenger for hire imports that he was being carried under the contract for transportation of the pool table and not as an employee of the defendant. The judge could have found that the plaintiff was being carried by the defendant under the defendant's contract with Pringle to transport the pool table. There was evidence that Pringle "employed the plaintiff to assist the defendant in loading, transporting and delivering the pool table," although there is no evidence that the defendant had knowledge of the terms of the employment of the plaintiff by Pringle. But there was evidence that both Pringle and the defendant were truckmen, and evidence of "a custom among truckmen . . . that a helper is carried . . . for the purpose of protecting the articles transported." This evidence was not objected to and therefore it must be assumed to have

been sufficient to warrant a finding that there was a custom among truckmen of that nature. It could have been found from the existence of the custom that the parties knew of it. *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472, 475. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467. It also could have been found that the finding as to this custom warranted the further finding that the plaintiff was being carried by the defendant as a part of his contract with Pringle.

The refusal of the judge to give the defendant's requests 2–7, inclusive, was not erroneous in view of the facts found. The evidence warranted findings that the plaintiff was in the exercise of due care and diligence, and that negligence of the defendant in the operation of the truck was the sole cause of the injury to the plaintiff.

*Order dismissing report affirmed.*