Hibbard, P. J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries based upon the alleged, negligent and unskillful operation of a motor car by the defendant. The answer is a general denial and a special plea of contributory negligence.
In order that there may be no misunderstanding, we deem it proper to say at the very beginning that we con *380 sider the matter before ns by reason- of the plaintiff’s request for a report. The docket entries show that such a request was filed and later supplemented by a draft report which was in the words of the record “Made Report”. Certain expressions used by the Trial Judge in his written decision might lend themselves to the idea that the Court voluntarily reported the case under the provisions of Ch. 426, § 116, Acts of 1931, now G-. L. Ch. 231, § 108 but the record negatives such theory.
Clearly the instant action does not come within the decision in LaCaisse Populaire Credit Union vs. George J. Cross, 1936 A. S. 201.
Briefly stated, the reported evidence tended to show that ■ on the evening of February 12,1935, the plaintiff and three -other women had been taken by the defendant in her car :and as her guests to a certain house and after there spending the evening were returning to their homes; that they all entered the car but the defendant by reason of snow in the highway was unable to start it; and that she finally said “Someone will have to get out and push the car.”
- One of the passengers, not the plaintiff, thereupon offered to get out but the defendant said to her “Not you”. 'Whereupon the plaintiff and one other passenger left the car. The plaintiff went to the rear and the other passenger to the front of the car where the latter talked for “about a minute ’ ’ with the defendant. The defendant forgetting that the plaintiff was at the rear of the car and that the mechanism was in reverse started the car. Thereupon the car started back, struck the plaintiff, threw her to the ground and caused injuries.
Requests for rulings were seasonably filed by both plaintiff and defendant. For the sake of brevity, "we omit restating these requested rulings but later deal with them.
*381 The Trial Court filed the following decision:
“On February 12, 1935, at about 10:30 in the evening the plaintiff and the defendant with three other women left the home of a friend on Northampton Street in the City of Holyoke and entered the defendant’s car which was parked at the side of the road. The defendant was taking the four women to their homes.
The defendant was at the wheel. She attempted to start the car, but because of the snow was unable to do so. The rear wheels were spinning around and wore grooves in the ice and snow, the car going backward and forward a distance of a foot or a foot and a half.
The defendant finally said, ‘Someone will have to get out and push the car. ’ Whereupon the plaintiff who was sitting in the right rear seat and Ruth Bechard, who was sitting in the left rear seat got out of the car. The plaintiff went to the rear of the ear and Ruth went to the front of the car where she talked for ‘about a minute’ with the defendant who was sitting in the driver’s seat. The defendant, momentarily forgetting (1) that the plaintiff might be at the rear of the car and (2) that the gear was in reverse, then started the car. The car moved back, struck the defendant, threw her to the ground and caused injuries. The plaintiff and the other women were taken home by the defendant.
I find that the defendant was negligent. Forman v. Prevoir, 266 Mass. 111.
I find that the plaintiff was a guest of the defendant at the time she was struck by the defendant’s car.
I find for the defendant.
If upon review an Appellate Court shall find error in my interpretation of the law that the plaintiff was the guest of the defendant when struck I find for her in the sum of $1320.”
A careful study of this decision is required to determine • whether the Trial Court found as a fact that the plaintiff was a guest at the time she received the injuries or ruled as a matter of law that on the facts found and stated in the decision the plaintiff was a guest. The latter seems to a majority of the Court to be the correct interpretation. This *382 view is supported, by the fact that counsel for both parties both in brief and by argument at the bar presented for our consideration the sole question as to whether this ruling as to the status of the plaintiff was correct. It is further supported by the language of the Trial Court in which he says after finding for the defendant “If upon review an Appellate Court shall find error in my interpretation of the law that the plaintiff was the guest of the defendant when struck, I find for her in the sum of $1320.” The case seems to us to be typical of those in which there is a finding of facts and there appears to be no apparent dispute as to such, followed by a ruling of law based upon the facts so found. In view of this interpretation we do not deem it necessary to discuss the question as to whether following a long line of decisions, of which Curley vs. Mahan, 288 Mass. 369 is typical, the Trial Court was justified in finding the •plaintiff was a guest as a fact. In view of the doctrine therein set forth, this Court could find that the Trial Court erred in its finding.
This Commonwealth has no Guest Act similar.to that found in certain states. So far.as the statutes are concerned, the only reference to a guest is that found in G. L. (Ter. Ed.) Ch. 90, § 34A wherein appears the following:
“ ‘ Guest occupant’ or ‘Guest occupant of such motor vehicle’.
Any person other than the employee of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner’s or registrants express or implied consent being in or upon entering or leaving same, except as passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire. ’ ’
While the foregoing definitions are applicable to the mandatory provision under the terms of which the owners of automobiles are required to carry insurance or make other adequate provision for compensation to injured per *383 sons, they are nevertheless entitled to some consideration as indicating the thought of the legislature as to under what circumstances a person was a guest in an automobile. It is to be presumed that the legislature intended to cover the entire area and to that extent this provision partakes of the nature of a Guest Act. While we have no distinctive Guest Act in this Commonwealth there has been here evolved a guest rule or judicial decision which in effect and in the results reached places this Commonwealth in the same status as those states which have enacted Guest Acts.
In our consideration of the instant action we have found no strictly analogous case in this Commonwealth. We have carefully considered all the citations appearing in the defendant’s brief. None of them seem to us applicable. There are no analogous facts in cases such as Cook vs. Crowell, 273 Mass. 356 which simply reaffirms the doctrine already established by Commonwealth vs. Henry, 229, Mass. 19, Commonwealth vs. Clarke, 254 Mass. 566 and Reynolds vs. Murphy, 241 Mass. 225, as to under what circumstances and as a result of what conduct a person is operating a car and more particularly as such operation is related to the enforcement of certain sections of Chapter 90 having to do with criminal offenses; or Forman vs. Prevoir,
266 Mass. 111 where it was held that the plaintiff who had one foot on the running board of the motor vehicle was still a guest. In this latter case the plaintiff was a self-invited guest not riding in the truck at the request or for the benefit of the defendant. The case of Gaboury vs. Tisdell, 261 Mass. 147, is equally not in point, the decision turning upon the question of the relationship of the plaintiff to the defendant rather than upon any situation created.
In Baker vs. Hurwitch, 265 Mass., 360 there were two counts. One dropped out as the jury found no gross negligence. The other was based on the alleged existence of a contractual relation. This case likewise is no authority.
*384 The defendant seeks to show some analogy in that our courts have held that the term “passenger’’ is not restricted to an actual occupant in railroad cases and cites Warren vs. Fitchburg Railroad Co., 8 Allen 227. The case of McManus vs. Boston Elevated, 262 Mass. 519 might well have been cited as a more recent illustration of the extension of this doctrine. It is clear that the facts in both cases are not analogous to those in the instant action.
We find some assistance in the cases of Lyttle vs. Monto, 248 Mass. 340 wherein it appeared that the defendant driving a motor truck asked a boy nine years of age where a certain address was and invited him “to jump on and show me”. Thereafter the goods were delivered and the defendant again said “Jump on and I’ll drive you home”. While riding upon the running board, the boy was thrown off by reason of negligent driving. It was held that there was evidence tending to show that the plaintiff at the time of the injury was not.a mere guest but was riding on the motor truck at the request and for the benefit of the defendant and that a verdict for the plaintiff was warranted; and Jackson vs. Queen, 257 Mass. 515 wherein it appeared that the defendant requested the plaintiff to assist in loading a truck and directed him thereafter to sit on the goods in the truck from which place he was thrown by reason of the negligent operation of the car. It was held it could not be ruled as a matter of law that the plaintiff was a guest or that his transportation was gratuitous and that the questions of negligence of the defendant and contributory negligence of the plaintiff were for the jury; and Labatte vs. Lavallee, 258 Mass. 527 wherein it appeared that the defendant invited the plaintiff to go with her to a neighboring city to see another woman “whom the defendant wanted to consult concerning business” and said that defendant wanted the plaintiff to hear what the other woman would say. It was there held that a finding was warranted that the plaintiff was not a mere guest of the defendant.
*385 • Cases involving somewhat analogous conditions have been decided in other jurisdictions: Nempitm vs. Berger, 111 Conn. 88 holding that a party may be a guest passenger in an automobile while entering same and before the car has been started; Mores's vs. Ferry, 135 Cal. App. 202 holding that the plaintiff was not a guest under the particular California statute, the facts, involving the cranking of the car. The statute in that state is closely restrictive; Packett vs. Padlthorpe, 207 Iowa 613. This case involves the falling off of a door of an automobile which the plaintiff had started to enter after an invitation from the owner for. a drive but in the absence of the owner or driver and before the journey had started; Chaplowe vs. Powsner, 119 Conn. 188 in which the proposition is clearly discussed in reference to whether the question is one of fact or law.
The most clearly analogous case however is found in Hunter vs. Baldwin, 268 Mich. 106 (255 N. W. 431). It there appears that the plaintiff was a guest passenger who • had been driven to town by the defendant. After completing their respective businesses the defendant entered the automobile but was unable to start the engine by the use of the self-starter. He asked the plaintiff to crank the automobile. It was in gear at the time and when the plaintiff turned the crank the engine started, the car shot forward and the plaintiff was knocked to the ground and against a building. The State of Michigan has a Guest Act which reads as follows:
Provided however that no person transported by the owner or operator of a motor vehicle as his guest without payment • for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss in case of accident unless such accident shall have been caused by the gross negligence or wilful or wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.”
*386 It will be seen that this Act in substance is a statement of the law as developed in this Commonwealth by judicial decision. It was held that this statute being in derogation of the common law must be strictly construed; that
The Guest Act was passed to protect owners and operators from liability while carrying passengers gratuitously, the theory being that the benefit was entirely for the passenger ; that the plaintiff was injured while performing an act for the benefit of the owner or operator and at the latter’s request; that “while this is a case of first impression we are constrained to hold that when plaintiff left the car upon arrival at the village of Kingston and remained away from it for a period of two or three hours, he ceased to be a guest passenger-and that while in the act of cranking the car at the request of the operator of the car he had not resumed the position of that of a guest passenger.”
It was further held that the driver owed the intending passenger whom he asked to crank the automobile the duty not to have the car in gear.
As we have heretofore stated, the case was briefed and argued to us on the single question of whether the Trial Justice was right in ruling that the plaintiff was a guest. However it seems desirable to consider the requests filed by the plaintiff. They are nine in number.
The first was “On all the evidence the plaintiff has sustained her burden of proof that the plaintiff was negligent.” The second was “On all the law the plaintiff has sustained her burden of proof that the defendant was negligent.”
The Trial Court granted both of these requests.
The fourth request was “The plaintiff was not bound to anticipate that the defendant would suddenly back into her without giving warning or signal.”
The seventh was “The burden of proof is upon the defendant to prove that the plaintiff is guilty of contributory negligence.’”
*387 Both of these requests, were given.
This leaves for consideration the third, fifth, sixth, eighth and ninth, all of which were denied.
The fifth was as follows: “If the evidence shows that the defendant was operating the motor vehicle and the plaintiff was pushing the said motor vehicle and the engine was running and the defendant put the motor vehicle in reverse gear without warning or signaling the plaintiff that she was about to do so and the plaintiff was injured thereby then the judgment must be for the plaintiff.”
The eighth was as follows: “If the defendant was behind the wheel of the car and the car was on a level surface and there were no bodies about or near the car and the car suddenly shot backward striking-the plaintiff, the plaintiff on the doctrine of res ipso loquitor can recover.”
Both of these requests were properly denied as being contrary to the facts found.
The ninth was as follows: “If the plaintiff at the request of the defendant was performing a service for the defendant at the time of her injury, the defendant owed her the duty of due care under the circumstances,” and may have been refused by the Trial Judge on the ground that the plaintiff was not performing a service for the defendant at the time. The facts found show only that she was standing in the rear of the car at the time of her injury. We cannot say that under these circumstances the denial of this request was prejudicial error.
With these eliminations we have for consideration the third and sixth only.
The third is as follows: “The plaintiff must merely show that the defendant was guilty of ordinary negligence in order for the plaintiff to recover judgment.”
If the Trial Court had granted this request, it would have been in effect a ruling that as a matter of law the plaintiff was not a guest. Therefore its denial was in effect a *388 ruling that the plaintiff was a guest at the time of the injury and this ruling was in conformity and agreement with the statement of the Court in its decision to like effect. We think this denial was prejudicial error whether the request he considered a ruling at law or a finding of fact.
The sixth request was “There is evidence upon which the Court might find for the plaintiff in this action. ’ ’
Taken in connection with the allowance of the first request and the statement in the alternative finding, it clearly appears that the denial of this sixth request was a ruling at law. Its denial was prejudicial error.
We find no inconsistency in the fact that the Trial Court granted the first request of the defendant. The entirely unambiguous character of the wording compels the view that it referred purely to the position of the plaintiff prior to the time of the accident. It would be an unjustified stretching of plain language to construe the same to mean that the plaintiff was a gratuitous occupant at the time of the accident. We see no error on the part of the Trial Judge in granting this request nor was there prejudicial error in the granting of the second request of the defendant.
The third request of the defendant reading as follows: “There is no evidence that the defendant was guilty of gross negligence and wilfully and wantonly caused the accident to the plaintiff” and granted by the Trial Court is more troublesome. Gross negligence has been clearly defined in Altman vs. Aronson, 231 Mass. 588. Under certain elements of the definition therein given there was clearly evidence in the instant action for consideration by the Court. There was “indifference to present legal duty . . . and utter forgetfulness of legal' obligations. ” Folan vs. Price, 1936 A. S. 41-43.
There was in the instant action no temporary inattention or error of judgment. On the statement of the Trial Court *389 there was utter heedlessness in the failure to remember that the car was in gear and the defendant was standing in the rear before starting the engine. In our opinion the Trial Court would have been warranted although not compelled to find gross negligence. If that be so, there was error in the granting of this request.
We do not find it necessary to determine whether the plaintiff at the time of the injury was doing something primarily for the benefit of the defendant as in Jackson vs. Queen, 257 Mass. 515; or something for the mutual benefit of the defendant and herself as in Flynn vs. Lewis, 231 Mass. 550. See also Roiko vs. Aijala, 1936 A. S. 173, 180, 181. Nor in our opinion does the instant action fall within the doctrine established in Keefe vs. McCarthy, 1936 A. S. 1363.
We concur in the statement of the Court in Hunter vs. Baldwin supra that the Guest Buie in this Commonwealth established should be strictly construed and applied. The protective mantle found in the doctrine of gross negligence should not be thrown about a defendant unless the relationship of the plaintiff and defendant is clearly and unequivocably that of host and guest. Any change in the relationship of the parties to each other or of the plaintiff to the automobile and its operation should result in the withdrawal of this protection.
In the opinion of the majority of the Court there was prejudicial error. Justice Biley does not concur in this decision. In view of the decision of the Trial Court that if there was prejudicial error the plaintiff was entitled to damages in the sum of $1320, the entry must be “Finding for the defendant vacated. Judgment for the plaintiff in the sum of $1320.”