HAROLD S. PERKINS *vs.* MABEL S. GARDNER.

Suffolk.    May 14, 1934. — June 25, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Invited person, Gross, Motor vehicle, In use of way.

At the trial of an action against the operator of an automobile, a woman, for personal injuries sustained while the plaintiff was riding therein, there was evidence that the automobile was owned by the defendant's son, who was a close friend of the plaintiff and who had given the defendant general permission to use it; that while the plaintiff was making a social visit at the home of the defendant and her son, the defendant expressed a desire to go out to ride in the automobile and to have the plaintiff accompany her because she wanted to get some experience in driving; that the plaintiff replied that he would be glad to go and would pay the expenses of the journey; that on such journey the defendant operated the automobile and the plaintiff made various business calls and also paid the running expenses of the automobile and for lunches for himself, the defendant and another member of the son's family who accompanied them; and that the plaintiff's injuries resulted from an accident occurring while they were returning home. There was no evidence that the defendant ever had or ever would be called on to pay the running expenses of the automobile, or that the defendant on such journey received from the plaintiff any teaching as to how to operate the automobile. *Held,* that

(1) A finding, that the plaintiff at the time of the accident was a passenger in the automobile under a contract for hire thereof, was not warranted;

(2) The defendant was not liable to the plaintiff if his injuries resulted merely from ordinary negligence on her part.

At the trial of an action for personal injuries against the operator of an automobile, a finding of gross negligence on the part of the defendant was not warranted by evidence that the defendant overtook and passed to the left of another motor vehicle at the top of a hill; that, as he turned the automobile to go back to the right side of the way, a third automobile appeared approaching from the opposite direction; and that the first automobile went farther to the right than was intended, ran into soft gravel at the edge of the way, turned sharply to the left, crossed the way, went off the left side of the way and turned over in a field.

TORT. Writ dated December 21, 1931.

In the Superior Court, the action was referred to an auditor, and afterwards was tried before *Beaudreau,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant on each count of the declaration. The plaintiff alleged exceptions.

*J. Schneider,* (*J. E. Reilly* with him,) for the plaintiff.

*W. I. Badger, Jr.,* for the defendant.

PIERCE, J. This is an action of tort to recover damages for injuries sustained by the plaintiff while riding in an automobile operated by the defendant. The declaration was in two counts for the same cause of action. The first count alleged that the plaintiff was a passenger for a valuable consideration and that the defendant was liable to him for ordinary negligence. The second count alleged that the plaintiff was a gratuitous guest of the defendant and that the defendant was liable to him for gross negligence. The answer was a general denial and contributory negligence.

The case was referred to an auditor, and was tried to a jury on the auditor's report and on the testimony of witnesses. At the close of the evidence, subject to the plaintiff's exceptions, the presiding judge directed the jury to return a verdict for the defendant on both counts of the declaration. The bill of exceptions contains all the evidence material to the issue to be decided. The parties have stipulated "that if the direction of the verdicts for the defendant on the first and second counts of the declaration was proper, judgment may be entered for the defendant on the verdict, but if the direction of the verdict on either count was improper a finding of $600 is to be entered for the plaintiff."

The evidence in its aspects most favorable to the plaintiff's contentions warranted the jury in finding the following facts: The plaintiff had been a close personal friend of one Stewart M. Gardner, a practising physician in Salem, and of Dr. Gardner's family for a period of twenty-five or thirty years. On July 16, 1931, he went to the home of Dr. Gardner and his mother, the defendant, in Salem, for a social visit of a day or more, as he was accustomed to do. On such a visit about a week prior to July 17, 1931, the

plaintiff had a talk with Dr. Gardner in reference to riding in Dr. Gardner's automobile. At this talk he "told Dr. Gardner in the presence of Mrs. Gardner [the defendant] that he wanted to take the car at some time and make some business calls and that he wanted to have him (Dr. Gardner) go along and if he (Dr. Gardner) could not go that it would be all right to have his mother [Mrs. Gardner] go along, and if it would be all right . . . [he] would pay for the gas and whatever expenses might be incurred on the journey." This "arrangement was agreeable" to Dr. Gardner for some time when the doctor was not using the automobile. On July 17, 1931, the defendant said to the plaintiff that she would like to go out and take a ride; that she would like the plaintiff to go too because she wanted to get some experience in driving, and the plaintiff replied "he would be only too glad to go and that . . . he would pay the expenses of the trip." Dr. Gardner was not at home when the plaintiff arrived there on July 16, 1931, and did not return until July 18, 1931. Mrs. Gardner had general permission to use the automobile of Dr. Gardner at any time she wanted to do so. On July 17, 1931, the defendant drove the plaintiff with the permission of Dr. Gardner around in the doctor's automobile to make such business calls as the plaintiff desired to make, and he purchased gasoline for the automobile on this day, and also lunch for himself, the defendant, and for another member of Dr. Gardner's family who accompanied them. During the morning they went from Salem to Newburyport where the plaintiff made a business call. Later in the day they drove to Melrose, where the plaintiff made another business call. At about 4:30 P.M., the defendant driving, they were returning to Salem over the Newburyport Turnpike, and when in Lynnfield the accident which caused damages to the plaintiff occurred.

The auditor found that the "plaintiff at the time of the accident was a social and gratuitous guest of the defendant"; and the presiding judge inferably found that the evidence did not warrant the jury in finding that the plaintiff was riding with the defendant under a contract

for hire. We are of opinion that the plaintiff, in the circumstances, did not become a hirer of the automobile because of the fact that he undertook to pay the running expenses incident to the making of his business calls, and did in fact pay for the gasoline, oil and lunches which would ordinarily be paid for by his host as an incident to the entertainment of · a "close friend." There was no conceivable benefit to the defendant in the performance of such an undertaking. There is nothing to show that the defendant ever did or ever would be called on to pay for fuel for her son's automobile, which she was permitted to use at all times when it was not in use by him. And there is nothing to show that the defendant received from the plaintiff any teaching as to how to operate an automobile, as the plaintiff testified that he "does not drive a car." The defendant was not the agent of her son, and there is no evidence that he derived any pecuniary benefit from his mother's possibly acquired skill in the operation of the automobile. It is plain that the plaintiff was not using the automobile, and was not in it on the day of the accident, under a contract of hire with the defendant or with Dr. Gardner. *Flynn* v. *Lewis*, 231 Mass. 550. *Askowith* v. *Massell*, 260 Mass. 202. *Baker* v. *Hurwitch*, 265 Mass. 360. *Jacobson* v. *Stone*, 277 Mass. 323.

Assuming the verdict was rightly directed on the first count of the declaration for the reason that the evidence required a ruling that the status of the plaintiff was not other than that of a gratuitous guest, the question for decision is, Did the evidence warrant a finding that the defendant was guilty of gross negligence? On the evidence pertinent to the issue, the jury warrantably could find the following facts: The defendant, while driving on the Newburyport Turnpike, overtook a truck, turned out to the left and passed it, and then turned to the right to come back to the right side of the travelled way. The automobile went farther to the right than was intended, ran into soft gravel at the edge of the road, then turned sharply to the left, crossed the road, went off the left side and turned over in a field. The truck was passed as the automobile was being

driven over the top of a hill. Traffic was coming in the opposite direction as the defendant turned the automobile to the right after passing the truck and a motor vehicle appeared within thirty feet as she turned to the right. It is plain the defendant momentarily "lost her head" in face of the oncoming motor vehicle, and that in the circumstances she could have been found to be negligent but not grossly negligent.

In accordance with the stipulation judgment is to be entered for the defendant on the verdict.

*So ordered.*