Briggs, J.
This is an action of tort in which the plaintiff seeks to recover damages for injuries sustained by him while riding in an automobile operated by the defendant. The declaration alleges, in four counts, that the defendant in the operation of the vehicle was guilty of (1) ordinary negligence, (2) gross negligence, (3) wanton and reckless misconduct, (4) that the automobile was not properly registered. The answer is a general denial and an allegation of contributory negligence.
The Court could have found, construing the evidence most favorably to the prevailing party that the defendant met the plaintiff and talked with him about going to work for the defendant; that the defendant was going to an inn a *277 few miles distant for dinner and the plaintiff accompanied him for the purpose of discussing the question during his meal. While going east on Center Street, Brocton, a wide tarvia roadway, being a main artery and becoming more sparsely settled as it continues easterly, the defendant turned out to pass a car and speeded up to do so. A motor cycle officer thereupon signalled the defendant to stop, but the defendant, though aware of the signal increased his speed and the officer gave chase. There was evidence that the speed reached sixty miles per hour or more and that the plaintiff said several times “Slow down” and that the defendant replied “Probably we can get away with it.” It was daylight, the traffic was light and the road was dry. The defendant turned left on to Mill Street and proceeded at undiminished speed. The tarvia surface ended and the roadway became a winding, rough, narrow, uneven dirt road, although approaching the scene of the accident for about one hundred yards the road was straight, with no grade up to the scene of the accident. The defendant had proceeded along the dirt road about two fifths of a mile at the same speed when his car went off the road and struck a boulder about two feet off of the roadway and turned over injuring the plaintiff. At this point the roadway was between ten and twelve feet wide, and was about three miles from where the officer had signalled the defendant to stop. The officer did not witness the accident. The defendant pleaded guilty to failing to stop on the signal of an officer, speeding and driving to endanger, based on facts observed on Center Street.
The plaintiff duly filed the following requests for rulings—
1— Upon all the evidence, the plaintiff is entitled to recover.
2— That there has been no evidence submitted which would warrant a finding that the plaintiff was guilty of contributory negligence.
*278 3— That a defendant, who invites a plaintiff to accompany him in his motor vehicle to a designated place to discuss arrangements with regard to the defendant employing the plaintiff, is liable for ordinary negligence which causes injury to the plaintiff during the said trip in the motor vehicle.
4— That the operator of a motor vehicle which operates the same at about sixty miles per hour over a rough narrow dirt road in an effort to escape a police officer who is following him to arrest him for violation of several motor vehicles laws, and who loses control of his motor vehicle by reason of the speed over such a road, with the result that a person riding with him is injured, is guilty of wilful, wanton, and reckless conduct.
5— That an operator of a motor vehicle who operates the same at about sixty miles per hour over a rough, narrow, dirt road in an effort to escape a police officer who is following him to arrest him for violation of several motor vehicle laws and who loses control of his motor vehicle by reason of the speed over such a road, with the result that a person riding with him is injured, is guilty of gross negligence.
The Court found for the defendant, and denied plaintiff’s requests numbered 1, 3, 4 and 5. Number 3 was denied “as not being in complete accordance with the facts.”
The defendant duly filed the following requests—
1— The plaintiff has failed to sustain the burden of proving gross negligence of the defendant by a fair preponderance of the evidence.
2— The defendant was not guilty of gross negligence which caused or contributed to the plaintiff’s injury.
3— Evidence of operation of a motor vehicle at sixty miles per hour on a country road in the daylight, and . the road being dry and level and straight, with the automobile striking a boulder a couple of feet from the edge of the road and overturning, is not sufficient to establish gross negligence.
The Court did not pass upon the defendant’s requests, stating “I have considered the defendant’s requests but I do riot deal with them in view of my findings.”
*279 The first ruling requested by the plaintiff was properly denied. It does not conform to the rules of the District Courts. See Holton vs. American Pastry Products Corp., 274 Mass. 268.
The third request was denied as being not in accordance with the facts. The denial was not prejudicial. The evidence warranted, but did not compel, a finding that the plaintiff was invited by the defendant to ride in his automobile. The defendant would not, under the facts shown be liable for injuries which were the result of ordinary negligence.
Requests numbered 4 and 5 were denied with no assigned reason therefor by the Court and without specific findings of fact in the case. The defendant contends that he is thereby deprived of any knowledge of the theory of law upon which the Court based his finding.
The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law, and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. Mericantante vs. Boston & Maine R. R. Co., Adv. Sh. (1935) 1613. Povey vs. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 773.
The method of dealing with the requests in this case is not to be commended. From the facts disclosed by the report, however, we cannot say that the Court has erred. It does not appear that all of the evidence was incorporated in requests 4 and 5, and there was no error in refusing a request relating only to a part of the evidence bearing upon the particular issue. There is no evidence in the report showing that the defendant lost control of his motor vehicle by reason of the speed. The Court might or might not draw such an inference. He was not compelled to. Requests based upon some particular view of a portion of the evi *280 deuce may be given by the judge if he sees .fit, but he cannot be required to give a ruling based on a portion of the testimony. Shattuck vs. Eldredge, 173 Mass. 165, 168.
The finding of the trial judge in favor of the defendant imports a finding of every subsidiary fact necessary to that conclusion permissible in any view of the evidence. The finding is conclusive and will be upheld unless shown to be without support in the evidence or tainted in some material aspect by an erroneous ruling of law. O’Connor vs. Hickey, 268 Mass. 454.
The conduct of the defendant did not constitute wilful, wanton and reckless operation of his automobile. Under our decisions the difference between negligence, whether ordinary or gross, and conduct which is wilful, wanton and reckless is a difference in kind and not merely one of degree. To constitute this, grave danger to the plaintiff must' have been apparent to the defendant — the probable consequences must have been imminent. Such a situation is not disclosed by the report. There was no error in the denial of the fourth request.
Each ease construing gross negligence must be decided upon its own peculiar facts. The fact that the defendant was seeking to elude a police officer is to be considered. Tested by decided cases, the evidence here does not establish gross negligence on the part of the defendant. The fact unexplained that the car went off the road and turned over, after striking a rock, does not seem enough. There is no evidence that the defendant was not paying attention to his driving; that he had been drinking, nor that his attention was diverted. There was no other traffic. The evidence as to the road condition at the point where the car left the road is meager, and the combination of circumstances, considered with the speed, seems not enough to compel the court to raise negligence to gross negligence. Marcienowski vs. Sanders, 252 Mass. 65. Cook vs. Cole, *281 273 Mass. 557. McKenna vs. Smith, 275 Mass. 149. Richards vs. Donohue, 285 Mass. 19. Perkins vs. Gardner, 287 Mass. 114. We therefore find no prejudicial error in the denial of the fifth request, nor in the denial of the motion for a new trial. The entry must be,
Report dismissed.