Robbins, J.
This tort action is for injuries received by the overturning of the automobile in which the plaintiff was riding and which was then owned and operated by the defendant. Recovery depends entirely upon whether the plaintiff was a gratuitous guest.
The declaration alleges that the plaintiff was riding in the defendant’s automobile for a consideration, and the evidence before the trial court warranted findings that the plaintiff’s family and the defendant’s family were on intimate terms; that the plaintiff and her husband made arrangements to go with the defendant and his wife to a dancing party in a town some miles distant; that the two husbands decided to buy some gasoline for the defendant’s au *281 tomobile and some liquor and share the expense of both; and that the plaintiff’s husband paid the defendant his half of such expenses.
There was also evidence which warranted findings that on the way home the defendant drove his car from fifty-five to sixty miles an hour over a curving country road; that he was negligent in so doing, and that this negligence caused the automobile to overturn.
The defendant seasonably filed several requests for rulings, some of which were given and some denied by the trial judge who made a finding for the plaintiff. The defendant claims to be aggrieved as follows:
“1. By the conclusion of the trial justice that the undertaking on the part of the defendant for the benefit of the plaintiff was not a gratuitous undertaking which conclusion is not warranted by the subsidiary findings made by the trial justice, but is contrary thereto and erroneous as matter of law and by the refusal by the trial justice of the defendant’s fourth request for ruling which was as follows:
6 4. Upon all the evidence the plaintiff cannot recover in this action for ordinary negligence of the defendant for the reason that the plaintiff was a guest in the defendant’s car and that the defendant cannot be liable except for gross negligence upon his part. ’
“2. By the conclusions of the trial justice that defendant received consideration agreeable and acceptable to the defendant and that a contractual obligation existed between said plaintiff and defendant which conclusions are not warranted by the trial justice’s subsidiary findings nor by any evidence introduced at the trial, but are contrary thereto and erroneous as matter of law.
“3. By denial of the defendant’s fifth request for ruling which is as follows:
‘ 5. A benefit to the defendant though measurable in money, resulting from friendly relations or a sense of obligation, is not hire and does not change the gratuitous character of the undertaking.’ ”
*282 These alleged grievances all raise the same question of law, that of whether or not the plaintiff was a gratuitous guest and therefore barred from recovery by the decision in Massaletti v. Fitzroy, 228 Mass. 487.
We proceed to examine the cases bearing on this issue.
It was the plaintiff’s husband that paid for the gasoline but this does not affect the status of the plaintiff. It is the same as if she had paid for it herself. Chooljian v. Nahigian, 273 Mass. 396.
The case of Flynn v. Lewis, 231 Mass. 550 was where the owner of an automobile permitted his daughter to use his automobile to drive to Boston to buy a fur coat, and also permitted her to take the plaintiff along to help select the coat. The plaintiff and the daughter were intimate friends. The trial judge directed a verdict for the defendant and this action was upheld by the Supreme Judicial Court, that court saying 11 The element of any pecuniary benefit or gain to the defendant being absent, the transaction was gratuitous.”
In the case of Baker v. Hurwitch, 265 Mass. 360, where a nephew sued his uncle, the latter invited the plaintiff to come from Boston to Worcester on an errand, promising to give the plaintiff a good time, pay his expenses, and take him home by automobile. The plaintiff was entertained three days and then accepted the defendant’s invitation to go to Millis with him, on which trip the accident happened. Nothing was paid from either to the other. It was held that the facts did not indicate anything more than friendly relations or: a sense of Mutual obligations, and that they fall “short of showing any contractual duty between the parties or any legal benefit conferred by the plaintiff upon the defendant at the latter’s request.” The action of the Superior Court in allowing a verdict for the plaintiff to stand was reversed and judgment was entered for the defendant..
*283 Similar to the last named case is that of Jacobson v. Stone, 277 Mass. 323 where a verdict for the plaintiff was reversed. Here the plaintiff sued her sister for injuries received while riding in the defendant’s automobile for the purpose of getting some money to lend to the defendant. The court held that the plaintiff was not a passenger for hire. “She neither paid nor agreed to pay the defendant anything directly for her transportation.”
Apparently the latest case bearing on the issue is Puro v. Heikkinen, 1944 A. S. 881. Here the plaintiff’s family and that of the defendant had been for some time on extremely friendly relations in Fitchburg. They planned a vacation trip to Cape Cod where each family was to pay one-half the rent of a camp, and one-half the cost of food. They went in the defendant’s automobile. Nothing was paid for transportation. It was held that “The parties had joined in a trip for their mutual enjoyment and pleasure as neighbors and friends. It was not a business undertaking. No' legal benefit was conferred upon the defendant on account of the transportation of the plaintiff. They were not passengers for hire. Their status rose no higher than gratuitous guests. There was no error in ordering verdicts entered for the defendant.”
In the case of Akowith v. Massell, 260 Mass. 202, a party of five men were returning from a fishing trip in the defendant’s automobile. It was agreed that the expenses should be divided among them, each paying a proportionate share of the cost of gasoline, oil, and garage bills. The plaintiff paid his share to the defendant who also contributed his part and made no other charges for transportation. While the case went off on another point, the court said “The plaintiff asked the judge to rule that if he paid a proportionate share of the operating expenses ‘he was not a gratuitous guest of the defendant’ . . . “that if the *284 plaintiff was paying a share of the operating expenses ‘as compensation for his transportation therein, he was a passenger for hire.’ The requests were rightly denied.”
Perkins v. Gardner, 287 Mass. 114 was a case where the plaintiff brought action against his friend who at the plaintiff’s request used her son’s automobile to take the plaintiff to Newburyport and Melrose where he made some business calls. The plaintiff agreed to pay the expenses of the trip. The ordering of a verdict for the defendant was upheld, the court saying, “We are of opinion that the plaintiff in the circumstances, did not become a hirer of the automobile because of the fact that he undertook to pay the running expenses incident to the making of his business calls, and did in fact pay for the gasoline, oil, and lunches.”
From the above cited Flynn, Baker, Jacobson, and Puro cases the conclusion is inevitable that the law does not look with favor upon relatives and close friends who, when injured while riding in the automobiles of their relatives and friends, claim to be riding for a consideration. The law requires that the evidence plainly disclose a contractual duty or a legal benefit conferred upon the owner or operator.
The Askowith and Perkins cases, are authority for the proposition that paying a proportionate part of the expenses for gasoline, oil, etc. does not remove a plaintiff from the categ’ory of gratuitous guests.
Accordingly, we are of the opinion that the plaintiff in the case at bar was a gratuitous guest and that rulings 4 and 5 should have been given.
As the case seems to have been fully tried, the finding is to be reversed and judgment entered for the defendant.