LEMUEL E. DEMELMAN *vs.* CHARLES G. BRAZIER & another.

Suffolk, December 12, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes. Evidence,* Presumptions and burden of proof, Proof of foreign laws.

There is no presumption that the laws of New York contain statutory provisions similar to those of R. L. c. 73, § 103, in regard to days of grace for negotiable instruments, and, in the absence of evidence on the subject, the law of New York will be presumed to be the same as the common law of this Commonwealth before the enactment of St. 1896, c. 496.

Under R. L. c. 175, § 77, providing that "the existence, tenor or effect of all foreign laws may be proved as facts by parol evidence," the plaintiff in an action against the indorser of a promissory note which is governed by the law of New York may prove by his own answers on cross-examination, received without objection, that the note sued upon was presentable and payable on the day of its protest, which was without allowance for days of grace, although otherwise there is no evidence that days of grace had been abolished by statute in New York.

CONTRACT against the indorsers of two promissory notes, each for the sum of $2,500, dated at Watertown in the State of New York on March 29, 1905, and payable four months after date at the Liberty National Bank in the city of New York. Writ against Charles G. Brazier dated August 1, 1905, and a supplemental writ issued by order of court against George I. Robinson and others as co-defendants dated November 9, 1905.

At the trial in the Superior Court before *Flaherty*, J. the plaintiff, a resident of Boston and not a lawyer, produced the notes sued upon with the notary's certificate of protest attached thereto, showing that payment was demanded and refused at the Liberty National Bank in the city of New York on July 31, 1905. The plaintiff testified that he had bought the notes for value in due course, and that he was ignorant of any infirmity in them. He was asked by his counsel no questions tending to qualify him as an expert on the law of the State of New York. The counsel for each defendant cross-examined the plaintiff and in the course of his cross-examination by the counsel for the defendant Robinson, occurred the following questions and answers:

" Q. Well, now I want to ask you about those Heard Lumber Company notes. On the 29th day of July those notes became due didn't they? A. The Heard Lumber Company's notes? — Q. No, those notes which are before you, became due? [The notes in suit.] A. They became due on the 31st. — Q. Now pardon me, don't let's quibble about that. They became due four months from March 29th, that being Saturday they were presentable and payable on the 31st. A. Yes, sir."

The plaintiff rested. Thereupon the counsel for the defendants asked the judge to direct a verdict for the defendants on the ground, among others, that no notice to the indorsers had been proved, the notarial certificates making no recital in this respect. Thereupon the counsel for the plaintiff requested that they might reopen their case and the counsel for the defendants objected. The judge allowed the counsel for the plaintiff to reopen the case. The case being reopened the counsel for the plaintiff again called the plaintiff to testify on the questions of demand and notice as follows:

" Q. Did you receive, Mr. Demelman, notice of protest from New York, on those two notes? A. I did. — Q. And are these copies which you received from New York? A. Yes, I received about a dozen of them, I think. I don't know the exact amount: two for each indorser. — Q. And what did you do with them? A. I put them in the mail and sent them to each indorser, as — whatever the addresses were on the back of the notes. — Q. And when did you receive them? A. Mailed July 31, I received

them August first, the next morning. . . . I mailed them to the parties, indorsers on the notes. — Q. Whom did you mail them to: name them, please. A. Charles G. Brazier, George I. Robinson, Jr. and Edward L. Collins, and George N. Morton, at 3 o'clock. — Q. What date ? A. August the first."

The plaintiff did not offer in evidence the laws and statutes of the State of New York.

The defendants called no witnesses. At the close of the plaintiff's testimony the defendants asked the judge to order a verdict for the defendants on the ground that no proper notice was sent. The judge ruled, as a matter of law, that the plaintiff was not entitled to recover, because no evidence had been introduced as to the law of the State of New York, and ordered the jury to return a verdict for the defendants Brazier and Robinson. The plaintiff alleged exceptions, which after the death of *Flaherty*, J. were allowed by *Gaskill*, J.

The case was submitted on briefs.

*H. C. Sawyer & E. M. Schwarzenberg*, for the plaintiff.

*F. N. Nay & R. E. Buffum*, for the defendant Brazier. The ruling ordering a verdict for the defendants was correct. The notes in question were dated March 29, 1905, payable in four months. The twenty-ninth day of July, 1905, was a Saturday. With the customary three days of grace allowed everywhere by common law, the notes became due on Tuesday, August 1, and any demand made before that date, or protest, or notice to indorsers, was of no effect. *Mechanics Bank* v. *Merchants Bank*, 6 Met. 13, 23, 24.

No evidence having been produced as to the law of New York State the presumption was that the common law prevailed there, and that August 1 was the date for presentment, demand and the sending of notices. And, this being so, the presentment and demand of July 31, which appeared in the evidence, was an idle ceremony and conferred no rights on the holder of the notes as against the indorsers. Nor was the matter altered for the better by the sending of notices, which were based on the presentment, demand and protest of July 31.

The plaintiff now contends that sufficient testimony as to the laws of the State of New York was introduced when he testified that the notes became due on July 31. No attempt was made

to qualify the plaintiff as an expert on New York law, he was not a resident of New York, nor was he a member of the bar. The answers relied on occurred on cross-examination, and it is submitted they fairly cannot be held to furnish competent and sufficient evidence as to the statutory law of another State. The usual practice is for the statutes themselves to. be introduced in evidence by means of copies duly authenticated. R. L. c. 175, § 75.

It is quite apparent that neither the judge nor the parties at the time these questions were asked on the plaintiff's cross-examination supposed that evidence was being put in as to the statute law of New York State.    To permit the casual answer of the plaintiff on cross-examination that the notes became due on July 31 to take the place of other proof is to say that the plaintiff's statements are sufficient to prove not only the terms of a written statute but also the construction of it.    But the construction of a foreign statute is a matter of law.    *Ufford* v. *Spaulding*, 156 Mass. 65, 66, and cases cited.

*C. F. Eldredge*, for the defendant Robinson.    Under the common law presumed to exist throughout the United States, notes of this character were entitled to days of grace, and it is only by the statutes of our State that days of grace were abolished.    St. 1896, c. 228.    It also is only by a statute of our State that notes falling due on Saturday are payable and presentable on the Monday following.    These are exceptions to the common law, and are made by express statutes of Massachusetts.    If there is any such law in New York it must be by reason of a similar statute, and if the plaintiff wished to prove any such law, it was incumbent upon him to produce the statute.    No proof of any statute having been offered by the plaintiff, the judge was right in ruling that the common law of New York is presumed to be the same as that of this Commonwealth.    There is no presumption that the statute law of New York is the same as in this State.    *Cherry* v. *Sprague*, 187 Mass. 113, 117.

By R. L. c. 175, §§ 75–77, the existence of all foreign laws must be proved as facts, and the court in its discretion in case of a statute may reject any evidence unless accompanied by a copy of the statutes.    The judge, in this case, exercised his discre-

tion by not accepting anything but the statutes, which were not offered, and this is shown by his direction of the verdict for the defendants.

BRALEY, J. If the promissory notes held by the plaintiff were presented for payment before their maturity this action cannot be maintained against the indorsers, as the makers had not refused payment upon due presentment and demand. *Wood* v. *Corl*, 4 Met. 203, 205. By the law merchant which is part of our common law, each note was entitled to days of grace, and while grace has been abolished by the St. of 1896, c. 496, now R. L. c. 73, § 103, and negotiable paper is deemed to be payable at the time named therein, unless there is a stipulation for delay, and when falling due upon Saturday may be legally presented for payment on the following Monday, there is no presumption that the laws of New York, by which these contracts are governed, contain similar statutory provisions. *Lowell Trust Co.* v. *Pratt*, 183 Mass. 379. *Cribbs* v. *Adams*, 13 Gray, 597. *Murphy* v. *Collins*, 121 Mass. 6. *Kelley* v. *Kelley*, 161 Mass. 111. When evidence of a similar statute is not furnished the ordinary presumption that the common law of that jurisdiction remains unmodified and is similar to our own must prevail, and accordingly it would follow that the notarial protest and notice of dishonor sent to the defendants were premature. *Callender* v. *Flint*, 187 Mass. 104, 107. *Mechanics Bank* v. *Merchants Bank*, 6 Met. 13, 23, 24.

The only question remaining is to determine if there was any evidence that the notes were there payable according to their tenor, at the date of presentment. By R. L. c. 175, § 77, it is provided that the "existence, tenor or effect of all foreign laws may be proved as facts by parol evidence." When therefore upon cross-examination, and without objection, the plaintiff explicitly stated that the notes were presentable and payable on the day of their protest, then without further formal proof there was testimony the weight of which was for the consideration of the jury that the liability of the defendants, who as indorsers had been seasonably notified, became fixed on that date. *Lowell Trust Co.* v. *Pratt, ubi supra.*

*Exceptions sustained.*