NEW YORK, NEW HAVEN, AND HARTFORD ' RAILROAD COMPANY *vs.* PAULINE PORTER, administratrix.

Norfolk.   January 14, 15, 1915. — April 1, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Performance and breach.   *Railroad,* Spur track.

If a proprietor of coal sheds constructs a spur track on the land of a railroad corporation connecting the main tracks of the railroad with the sheds, and

---

the railroad corporation agrees with such proprietor that in transporting coal for him it will deliver the coal at his sheds, the transportation does not come to an end until the cars are placed on the spur track adjoining the sheds and, until this has been done, in the absence of a special stipulation, no action can be maintained for the freight money, because the contract of transportation has not been performed.

CONTRACT against the administratrix of the estate of Robert D. Porter, late of Stoughton, for $1,270.45 on an account annexed which set forth various items under the headings "Car Service" and "Freight Bills." Writ dated December 20, 1912.

The defendant filed an answer and a declaration in set-off on a judgment for $125 with interest, for $50 for liquidated fire damages and for $24.43 for liquidated damages for failure to deliver freight. The plaintiff in an answer to the declaration in set-off admitted its liability on the judgment for $125 and for the $50 for fire damages, but denied its liability for the $24.43 for failure to deliver freight and as to this pleaded the statute of limitations.

In the Superior Court the case was submitted to *Dubuque,* J., upon an agreed statement of facts as follows:

"It is agreed by the parties in the above entitled cause that the defendant's intestate, hereinafter referred to as the defendant, owes the plaintiff the sum of $467.45, appearing as 'Freight Bills' in the plaintiff's declaration; and that the plaintiff owes the defendant the sum of $175 claimed in set-off; that the sum of $803, also appearing in said declaration, is the correct sum due for demurrage, provided the plaintiff had the right to assess the same; that the charge of $1 per day for demurrage was a reasonable charge; that the plaintiff's demurrage rules effective during the period for which said demurrage was assessed were the rules effective January 10, 1909, bearing the number 'I.C.C. No. X6;' that said rules were properly filed and posted as required by law; that said rules may be and hereby are made a part of this agreement; that the defendant had a private side track or spur track constructed upon the land of the plaintiff and connecting with the main line tracks of the plaintiff and running to the defendant's coal shed; that the defendant had for some time prior to June, 1909, enjoyed a privilege granted by the plaintiff called 'weekly credit,' under which privilege the defendant was permitted to pay his freight bills on presentation once a week; that

prior to June, 1909, this privilege had been withdrawn by the plaintiff; that after said privilege had been withdrawn certain cars of coal came to Stoughton by the plaintiff's lines, consigned to the defendant; that due notice of the arrival of said cars was given to the defendant and demand made for the freight which had not yet been paid; that the defendant refused to pay said freight until the cars were placed upon his side track, adjoining his sheds, when he desired to unload them; that the defendant said he would pay the freight after the cars were placed upon his side track; that the plaintiff placed the cars upon its public delivery tracks (but with no intention on the part of the plaintiff to deliver to the defendant unless the freight was paid); and refused and declined to place said cars upon the defendant's side track prior to the payment of the freight charges; that the sum of $803 was assessed as demurrage upon said cars, which is the amount in dispute."

The judge found for the plaintiff in the sum of $1,095.45 with interest at six per cent from the date of the writ, and at the request of the parties reported the case for determination by this court. If the finding was correct in law, judgment was to be entered thereon. If it was incorrect in law, judgment was to be entered for the plaintiff in the sum of $292.45 with interest at six per cent from the date of the writ.

*E. F. Leonard,* for the defendant.

*A. W. Blackman,* for the plaintiff.

LORING, J. The transportation of the coal did not come to an end until the cars were placed on the side track "running . . . to said second party's [the intestate's] coal shed," maintained by the plaintiff on its own land, under the agreement between the plaintiff and the intestate, for the delivery of coal consigned to the intestate. The plaintiff's contention is that it "properly could refuse to place said cars where the defendant [the intestate] wanted them placed before the defendant [the intestate] paid the freight." But to this contention we cannot assent. In our opinion the question is whether the plaintiff was entitled to the freight before it had completed the transportation. It is plain that it was not. The case comes within the elementary proposition that in the absence of a special stipulation a man is not entitled to his pay until he has finished his job. See for example *Adams* v. *Clark,*

9 Cush. 215, 216, 217. There is nothing to the contrary in the cases cited by the plaintiff.

The cars in question were "Cars taking private track delivery" within the plaintiff's "Rules and Instructions regarding Demurrage and Car and Track Service." For that reason demurrage did not begin to run when the cars were placed upon the plaintiff's public delivery tracks.

The private delivery track in question was on the plaintiff's land, and by the terms of the agreement between the plaintiff and the intestate was subject to "the absolute control and management of" the plaintiff. There was no difficulty therefore in the plaintiff maintaining its lien for the freight after the cars were placed on this track. *Lane* v. *Old Colony & Fall River Railroad,* 14 Gray, 143.

By the terms of the report the entry must be: Judgment for the plaintiff in the smaller sum, to wit, $292.65, with interest from the date of the writ; and it is

*So ordered.*