RICE & LOCKWOOD LUMBER COMPANY *vs.* BOSTON AND MAINE RAILROAD.

Hampden.    September 19, 1940. — January 10, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Carrier*, Of goods.

Under the provisions of a uniform bill of lading for interstate transportation of a carload of lumber to a city in this Commonwealth "with stopover at" another city here "for partial unloading;" and an order by the shipper that the car upon its arrival at the stopover city be delivered to a certain lumber company, but without direction as to the place or manner of delivery, delivery was completed and responsibility of the railroad corporation for care of the carload ceased when it was placed on a private siding beside the lumber company's plant which by general practice was the place for delivery by railroad, even though the shipper did not know of the existence of the siding nor intend that the car be placed on it rather than on a public delivery track of the railroad corporation.

CONTRACT.    Writ in the Superior Court dated January 26, 1940.

The case was heard by *T. J. Hammond,* J., who found for the plaintiff in the sum of $710.17.

*R. W. Hall,* for the defendant.

*H. E. Allen,* for the plaintiff.

RONAN, J.    This is an action of contract to recover for three lots of oak flooring which were a part of a carload shipped on October 28, 1939, from Warren, Arkansas, to Malden in this Commonwealth "With stopover at Lowell, Mass. for partial unloading." This car also contained a fourth lot of flooring which the plaintiff had sold to the Russell Lumber Company in Lowell. The plaintiff wrote the defendant on November 1, 1939, to deliver the car upon its arrival at Lowell to the Russell Lumber Company (hereafter called the lumber company); it had requested the lumber company when it had removed its lot of lumber to notify the defendant, and the defendant could then forward the car to Malden. The defendant placed this car upon the private siding of the lumber company at ten o'clock on the morning of Saturday, November 4, 1939, along a lumber shed of that company. On that afternoon, before the car had been opened for unloading, it caught fire and the plaintiff's property was damaged. The judge, after finding that the loss was not due to the defendant's negligence, found for the plaintiff. The defendant excepted to the refusal of the judge to grant certain of its requests and to the granting of the plaintiff's requests.

The case was submitted upon a statement of agreed facts which contained all the material facts except as to what knowledge the plaintiff had of the existence of the private siding at the yard of the lumber company; and upon this point the statement recited that no official or employee of the plaintiff knew that the lumber company had such a siding or that lumber was continuously delivered there, excepting one of its sales agents, the extent of whose knowledge was to be proved at the trial. He testified that he knew that all shipments for the lumber company were delivered to a siding which skirted a shed of the lumber company and then extended back into its yard, but that before the damage to this car of lumber he did not know that it

was a private siding or whether it served others beyond the yard of the lumber company. Whether the judge gave credence to this oral testimony and weighed it with the facts recited in the statement of agreed facts or whether he refused to accept this testimony or any part of it and decided the case upon the statement alone, the result is the same, because the statement alone or considered with the testimony is insufficient to warrant any finding other than that the side track of the lumber company was a proper place for the delivery of the car. The transportation of the car was an interstate shipment, 41 U. S. Sts. at Large, 474–479; U. S. C. (1934 ed.) Title 49, § 1, governed by the terms and conditions of a uniform straight bill of lading issued in accordance with 39 U. S. Sts. at Large, 539, U. S. C. (1934 ed.) Title 49, § 82, which authorized the plaintiff to divert the shipment to the lumber company. *Clark* v. *Louisville & Nashville Railroad,* 216 Ala. 637. *Central of Georgia Railway* v. *Council,* 163 Ga. 494. *Ryan* v. *Great Northern Railway,* 90 Minn. 12. *Terranova* v. *Southern Pacific Co.* 206 App. Div. (N. Y.) 64. *Virginia & Southwestern Railroad* v. *Sutherland,* 138 Tenn. 266. *Southern Produce Co.* v. *Norfolk Southern Railroad,* 144 Va. 422. By virtue of the plaintiff's direction, the defendant was justified in delivering the car to the lumber company as one lawfully entitled to its possession. 39 U. S. Sts. at Large, 540, U. S. C. (1934 ed.) Title 49, § 89. *Pere Marquette Railway* v. *J. F. French & Co.* 254 U. S. 538. *Wilkinson & Carroll Cotton Co.* v. *Chicago, Memphis & Gulf Railroad,* 32 Fed. (2d) 553.

The plaintiff directed the defendant to deliver the car to the lumber company but it did not designate any particular place of delivery and the defendant was required to make delivery in the usual and customary manner. The usual place of delivery of cars consigned to a plant equipped with a side track which is used for the reception and shipment of cars to and from such a plant is upon such a siding. It is a matter of common knowledge that many industrial plants are equipped with side tracks for the reception and shipment of carloads of freight and that it is

the general and universal practice of railroad corporations to deliver and accept cars upon such sidings. *New York Central & Hudson River Railroad* v. *General Electric Co.* 219 N. Y. 227. *United States* v. *American Sheet & Tin Plate Co.* 301 U. S. 402. It has been held that a railroad corporation is required to deliver cars upon such a siding provided it is within its switching area or its terminal limits, and that transportation ends when cars are placed upon the siding. *New York, New Haven & Hartford Railroad* v. *Porter*, 220 Mass. 547. *Batchelder & Snyder Co.* v. *Union Freight Railroad*, 259 Mass. 368. *Los Angeles Switching Case*, 234 U. S. 294. *United States* v. *American Sheet & Tin Plate Co.* 301 U. S. 402. *Banner Grain Co.* v. *Great Northern Railway*, 119 Minn. 68. *New York Central & Hudson River Railroad* v. *General Electric Co.* 219 N. Y. 227. *Lee* v. *Erie Railroad*, 173 App. Div. (N. Y.) 75.

The plaintiff does not contend that such a usage does not exist among carriers or that there is anything in the statement of agreed facts that tends to indicate that there is no such custom, but what the plaintiff contends is that, when it gave the order to deliver the car, it did not know that the lumber company was served with a siding and that, consequently, it did not intend that the car should be placed upon the siding rather than that the delivery should be made from the public delivery tracks of the carrier. If the plaintiff desired to have the delivery made at some place other than the siding it should have so directed the carrier. Its undisclosed intention could not bind the defendant. *Marks* v. *Metropolitan Stock Exchange*, 181 Mass. 251. *Farnum* v. *Whitman*, 187 Mass. 381. Its ignorance as to the existence of the siding did not affect the carrier, and the latter was justified in understanding that the delivery order meant to deliver the car in the usual and customary manner by placing it upon the siding. *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472. *Barrie* v. *Quinby*, 206 Mass. 259. *Nichols* v. *Rougeau*, 284 Mass. 371. *Remington* v. *Pattison*, 264 Mass. 249. *Baccari* v. *B. Perini & Sons, Inc.* 293 Mass. 297. Am. Law Inst. Restatement: Contracts, § 247.

The shipment was made under a uniform straight bill of

lading, which was issued by the initial carrier and governed the entire transportation and fixed the rights of all participating carriers including the defendant — the terminal carrier. *Georgia, Florida & Alabama Railway* v. *Blish Milling Co.* 241 U. S. 190. *Western Transit Co.* v. *A. C. Leslie & Co. Ltd.* 242 U. S. 448. *Missouri, Kansas & Texas Railway* v. *Ward,* 244 U. S. 383. *Chicago & Northwestern Railway* v. *Alvin R. Durham Co.* 271 U. S. 251. It has been said that the purpose of Congress in enacting the interstate commerce act, U. S. C., Title 49, § 1, was to establish the obligations of the carrier in respect to services rendered within the purview of the act by uniform rule in place of the varying requirements of State legislation and decisions. *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97. *Southern Railway* v. *Prescott,* 240 U. S. 632. *St. Louis, Iron Mountain & Southern Railway* v. *Starbird,* 243 U. S. 592. The term "transportation" has been broadly defined by the act, U. S. C., Title 49, § 1 (3), to include "all services in connection with the receipt, delivery . . . and handling of property transported." Almost every detail of the subject matter has been covered by the act. It is settled that the rights of the parties are to be determined by the bill of lading and the common law principles accepted and enforced by the Federal courts. *Southern Express Co.* v. *Byers,* 240 U. S. 612. *Cincinnati, New Orleans & Texas Pacific Railway* v. *Rankin,* 241 U. S. 319. *Western Transit Co.* v. *A. C. Leslie & Co. Ltd.* 242 U. S. 448. *Chesapeake & Ohio Railway* v. *Martin,* 283 U. S. 209. *Southeastern Express Co.* v. *Pastime Amusement Co.* 299 U. S. 28.

The transportation of the car was suspended when, as a result of the directions of the plaintiff, it was placed at ten o'clock on a week day morning upon the private siding of the lumber company along its lumber shed, to await partial unloading. It was not intended by the parties that the car should remain in possession of the defendant after it had been delivered to the lumber company. The defendant did not know when the unloading of the car would commence or when it would be completed. It was under no duty to see that the unloading was promptly

done or, during the progress of the work, that no damage or loss resulted to the plaintiff's property. In accordance with the directions of the plaintiff there was nothing more for the defendant to do until it was notified by the lumber company that the car was ready to go forward to its final destination, and thereupon the defendant was to resume its transportation. If the car had been delivered to the lumber company prior to the fire, then the defendant cannot be held liable. But delivery must mean such delivery as is required by the bill of lading. *Chesapeake & Ohio Railway* v. *Martin,* 283 U. S. 209. *Galveston Wharf Co.* v. *Galveston, Harrisburg & San Antonio Railway,* 285 U. S. 127.

The destination of the car as described in the bill of lading was Malden, and the terms and conditions of the bill of lading providing that the liability of the carrier should continue as an insurer after the arrival of the goods and until the expiration of the free time allowed for unloading and "after placement of the property for delivery at destination" must, we think, apply only to the arrival of the goods at Malden, and to a situation where the carrier subsequently to their arrival retains possession of the goods in order to effectuate their delivery to the consignee. *Erie Railroad* v. *Shuart,* 250 U. S. 465. *Michigan Central Railroad* v. *Mark Owen & Co.* 256 U. S. 427. We are unable to find any special provision in the bill of lading that governs the situation in question. But the bill of lading expressly provides that the carrier shall be liable as at common law for any loss or damage to the property except as otherwise therein provided. The agreed statement of facts makes no reference to the common law of Arkansas. We presume that it is the same as the common law of this Commonwealth. *Demelman* v. *Brazier,* 193 Mass. 588. *Atlantic Transportation Co. Inc.* v. *Alexander Shipping Co. Inc.* 261 Mass. 1. In accordance with the bill of lading delivery to the lumber company must be determined by the principles of common law as recognized and enforced in the Federal courts. *Union Pacific Railroad* v. *Burke,* 255 U. S. 317. *Galveston Wharf Co.* v. *Galveston, Harrisburg & San Antonio Railway,* 285 U. S. 127. *Erie Railroad* v.

*Tompkins*, 304 U. S. 64.   Under our common law, the
placing of the car upon the siding of the lumber company
at a reasonable hour, at the place where it was customary
for that company to receive shipments, would constitute
a delivery to that company.   *Thomas* v. *Boston & Provi-
dence Rail Road*, 10 Met. 472.   *Norway Plains Co.* v. *Boston
& Maine Railroad*, 1 Gray, 263.   *Barron* v. *Eldredge*, 100
Mass. 455.   *Stowe* v. *New York, Boston & Providence Rail-
road*, 113 Mass. 521.   *Rice* v. *Hart*, 118 Mass. 201.   *Wash-
burn Crosby Co.* v. *Boston & Albany Railroad*, 180 Mass.
252.   *Batchelder & Snyder Co.* v. *Union Freight Railroad*,
259 Mass. 368.

The statement of agreed facts with the permissible in-
ferences of which it was susceptible, G. L. (Ter. Ed.) c. 231,
§ 126, or that statement with the testimony of the plaintiff's
sales agent, shows that the shipment had been placed under
the complete control of the lumber company to be unloaded
at its own convenience.   The transportation of the car had
ended for the time being, and the car had come into the
actual or constructive possession of the lumber company
when the loss occurred and when the carrier did not stand
in that relation to the car.   There was error in not granting
the defendant's requests which, in substance, were to the
effect that the defendant was not liable as a carrier for the
damage to the plaintiff's flooring.   *New York, New Haven &
Hartford Railroad* v. *Porter*, 220 Mass. 547.   *United States* v.
*American Sheet & Tin Plate Co.* 301 U. S. 402.   *Barron* v.
*Mobile & Ohio Railroad*, 2 Ala. App. 555.   *Ward* v. *Pere
Marquette Railway*, 231 Mich. 323.   *Lewis* v. *New York,
Ontario & Western Railway*, 210 N. Y. 429.   *New York Cen-
tral & Hudson River Railroad* v. *General Electric Co.* 219
N. Y. 227.   *Norfolk Tidewater Terminals, Inc.* v. *Norfolk
& Portsmouth Belt Line Railroad*, 170 Va. 118.

The granting of these requests would have been decisive
of the case and would have resulted in a judgment for the
defendant.   *Beggelman* v. *Romanow*, 288 Mass. 14.   *Fiske*
v. *Boston Elevated Railway*, 289 Mass. 598.   That judgment
should now be entered.

*So ordered.*