See also 81 F.Supp. 641.

### WILBUR et al. v. FORD et al.
#### Civ. No. 7908.

United States District Court
D. Massachusetts.
March 10, 1950.

Joseph J. Krohn, Boston, Mass., for plaintiffs.

Eustace Charles Ford, pro se.

John W. Blakeney, Jr., Boston, Mass., for defendant Home Indemnity Company.

SWEENEY, Chief Judge.

This is a motion for summary judgment made by the plaintiffs in a suit which seeks recovery against a guardian and his surety for the guardian's alleged defalcations. The guardianship arose under the laws of the State of Maine, and a Maine probate court has found that the guardian owes and has not paid certain moneys to his wards, the plaintiffs. This motion asks recovery only against the surety, both on his bond and in excess of it on the theory that by exercising joint control of the funds in the hands of the guardian the surety became a joint tort-feasor and guardian de son tort.

There can be only two bases for holding the surety liable as a joint tort-feasor. The first requires allegation and proof of the surety's notice of such facts as would reasonably put it on inquiry to ascertain whether the guardian was guilty of breach of trust, and/or allegation and proof that the surety benefited from the plaintiffs' losses. Andrews v. Tuttle-Smith Co., 1906, 191 Mass. 461, 78 N.E. 99; Banks v. Everett National Bank, 1940, 305 Mass. 178, 182, 25 N.E.2d 177. Even if the complaint contains such allegations, the surety's answer places these issues genuinely in controversy. This prevents summary judgment upon them. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130, 135. The second basis requires that there exist an applicable law which holds the surety liable as a joint tortfeasor solely as the result of exercising joint control with the guardian, regardless of the surety's lack of knowledge of or benefit from the guardian's defalcations. There is no such law in Massachusetts, Mass.Gen.Laws (Ter.Ed.) c. 205, § 19A, and since July 26, 1941, there has been no such law in Maine, when Section 22 of Chapter 151, Maine R.S.1944 became effective. Before the date of the Maine statute, which explicitly legalized agreements for joint control entered into by guardians and sureties, there existed no common law in Maine on the question. On these facts the common law of Maine must be presumed the same as that of Massachusetts, the state of the forum. Demelman v. Brazier, 1907, 193 Mass. 588, 79 N.E. 812. There being no judicial decisions on this question in Massachusetts prior to the enactment of Section 19A of Chapter 205, supra, I hold that the common law of Massachusetts is the same as the law subsequently stated in the statute. It would be ridiculous to hold otherwise regarding a statute over fifty years old. Therefore there exists no applicable law according to which the plaintiffs can recover from the surety as a guardian de son tort solely in virtue of the exercise of joint control with the guardian, when the surety lacked knowledge of the guardian's defalcations and did not benefit from them.

Inasmuch as the plaintiffs cannot recover on this motion for summary judgment for that portion of their claim which is in excess of the penal amount of the bond, a partial summary judgment even were it warranted cannot be entered for them in the amount of the bond itself, or for interest on what may be due under the bond. Coffman v. Federal Laboratories, Inc., 3 Cir., 1948, 171 F.2d 94; Biggins v. Oltmer Iron Works, 7 Cir., 1946, 154 F.2d 214; Audi Vision, Inc. v. R.C.A. Mfg. Co., 2 Cir., 1943, 136 F.2d 621, 147 A.L.R. 574; Rule 56(d) of the Federal Rules of Civil Procedure.

The motion must be dismissed.