266 F.2d 200
 75 A.L.R.2d 1198
 COMMONWEALTH INSURANCE COMPANY OF NEW YORK, The Continental
Insurance Company, Milwaukee Insurance Company of Milwaukee,
Wisconsin, United Fire Insurance Company,
Plaintiffs-Counter-Defendants-Appellants,
v.
O. HENRY TENT & AWNING COMPANY, Defendant-Counter-Plaintiff-Appellee.
 No. 12528.
 United States Court of Appeals Seventh Circuit.
 May 1, 1959.
 
 Donald N. Clausen, Herbert W. Hirsh, Jerome H. Torshen, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Attorneys for appellants.
 John P. Gorman, Chicago, Ill., for appellant.
 Morris A. Haft, Chicago, Ill., Bernard Davis, Haft, Shapiro & Davis, Chicago, Ill., for appellee.
 Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit judges.
 DUFFY, Chief Judge.
 
 
 1
 On March 31, 1955, each of the four plaintiff insurance companies issued a fire insurance policy to defendant. Each policy contained a monthly reporting form endorsement. Under this value reporting clause, the insured agreed to make monthly reports of the total cash value of the insured property at each location, and this clause provided that if such reports were not made, the policies were to cover not more than the amount included in the last report of values.
 
 
 2
 A fire occurred on March 28, 1956 destroying property of defendant valued at $32,188.29. However, the last report submitted prior to the date of the fire stated the value of the goods at the location to be $14,360.76. Defendant demanded payment of $32,188.29 and the insurance companies claimed their total liability was $14,360.76. The insurance companies promptly filed a complaint for a declaratory judgment. Defendant filed a counter-claim for $32,188.29 and alleged that the insurance companies had waived the value reporting clause.
 
 
 3
 Defendant moved for summary judgment upon a portion of its claim, to-wit: $14,360.76. After considering this motion on briefs, the trial court, on July 24, 1957, denied the motion stating that the granting of the motion would constitute a splitting of the lawsuit. Thereafter, on October 27, 1958, the District Court, on its own motion, vacated its prior order of July 24, 1957, and thereafter entered a partial summary judgment against plaintiffs for $14,360.76. Execution was issued pursuant to the Court's order and was served upon each of the plaintiffs. Thereafter the notice of appeal herein was filed.
 
 
 4
 The issue on this appeal is whether the district court has the power to issue a partial summary judgment. We hold the court did not have such power under the facts in this case. We think our decision in Biggins v. Oltmer Iron Works, 7 Cir., 154 F.2d 214, is controlling.
 
 
 5
 In Biggins, plaintiff sought compensation for services rendered by him as a sales representative. The total amount claimed was broken down into five designated items. The district court ordered summary judgment on two of the items about which there was no substantial controversy. Indeed, defendant in that case had tendered to plaintiff checks covering those two items. There was a motion to dismiss the appeal on the ground that the partial summary judgment was interlocutory in character. This court discussed the question of whether the summary judgment was interlocutory or a final judgment and also discussed the merits of the entry of an order for partial summary judgment.
 
 
 6
 Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A., provides for a final judgment upon one claim in a suit which is predicated upon more than a single claim. In Biggins, we held Rule 54(b) did not apply as the claim sought to be enforced was for services rendered by plaintiff during a stated period of time, and that the cause of action there was based upon a single claim. We then discussed Rule 56(b) and said, 154 F.2d at page 216: 'We observe in the beginning and will attempt to show that this rule, in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware.' Defendant argues the language just quoted was dicta. We do not agree, but in any event, we approve the language used in Biggins as it applies to the controversy before us, and we adopt it as a part of this opinion.
 
 
 7
 The controversy in the case at bar is a single claim. Upon the oral argument, counsel for defendant, with commendable frankness, admitted there was only a single cause of action.
 
 
 8
 In countless opinions federal courts have expressed a disapproval of piecemeal litigation. Let us assume that in a claim for services such as was present in the Biggins case, it was first ascertained that two items were not in dispute, and then, a bit later, it was determined that liability on a third item, and still later, on a fourth item, was established. If the construction of the rule by defendants in the case at bar is correct, there might well have been three summary judgments in the supposititious case with executions levied upon each of them. Such fragmentations of a cause of action would be obnoxious to the orderly administration of justice.
 
 
 9
 The Court of Appeals for the Third Circuit has followed our decision in Biggins. See Coffman v. Federal Laboratories, Inc., 3 Cir., 171 F.2d 94, 98. To the same effect there are several District Court cases such as Harms, Inc. v. Tops Music Enterprises, Inc., D.C.S.D.Cal., 160 F.Supp. 77; Pasquel v. Owen, D.C.W.D.Mo., 97 F.Supp. 157; Wilbur v. Ford, D.C.D.Mass., 89 F.Supp. 407.
 
 
 10
 As the District Court was without authority to order the entry of a partial summary judgment in the case at bar, such judgment is
 
 
 11
 Reversed.