CLAUDE J. FLYNN, Plaintiff-Appellee, vs. GEORGE E. MAHIN, Director of Revenue, et al., Defendant-Appellant.

(No. 11450;

Fourth District—August 10, 1971.

*Rehearing denied August 31, 1971.*

William J. Scott, Attorney General, of Springfield, (James M. Winning, special assistant Attorney General, of counsel,) for appellant.

Kleiman, Cornfield & Feldman, of Chicago, (Gilbert Feldman of counsel,) for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

The plaintiff filed an action for declaratory judgment in the circuit court of Sangamon County. The defendant Director of Revenue answered and both parties filed motions for summary judgment. No evidentiary hearing was held, it having been stipulated that there was no dispute as to the facts raised by the pleadings. The circuit court considered briefs and arguments and allowed the plaintiff's motion and dismissed the defendant Director's motion. This appeal followed by the defendant Director of Revenue only.

In brief, the pertinent stipulated facts are as follows. The plaintiff was a certified merit employee in the Department of Revenue with the rank of Excutive III. On January 16, 1968, he was promoted to Executive IV. On January 23, 1968, under proper procedures required by the Personnel Code (Ill. Rev. Stat. 1969, ch. 127, pars. 63b101 *et seq.*), the rank of Executive IV was exempted from Jurisdiction B, under which persons must hold appointments on a basis of merit and fitness. On May 7, 1970, the defendant Director discharged the plaintiff.

The plaintiff then filed the instant suit, claiming in substance that he was still a merit employee and could not be discharged without the procedures required by the Personnel Code for the dismissal of merit employees. Plaintiff relies at bottom on Rule 2—190f promulgated by the Director of Personnel and in force at the time of his discharge. The rule is as follows: *"Certified:* For persons having successfully completed the probationary period. If a certified employee's position is declared exempt

from Jurisdiction B, he shall retain his status in that position." The defendant Director answered and in substance claimed that the rule was void and hence plaintiff could be discharged summarily. .

The trial court filed a memorandum opinion, followed by a written judgment order, the pertinent provisions of which are as follows:
"* * * the Court * * * being fully advised as to the premises finds:

1. That this Court has jurisdiction of the subject matter of this suit and the parties hereto.
2. That the Plaintiff, Claude J. Flynn was a certified merit system employee under the Personnel Code of Illinois in the Department of Revenue with the position and title of Executive III from May 1962 until January 16, 1968.
3. That on January 16, 1968, Plaintiff's position and title was reallocated from Executive III to Executive IV.
4. That on January 23, 1968, the Civil Service Commission exempted the position of Executive IV from Jurisdiction B of the Personnel Code pursuant to Section 4d (3) and that Plaintiff was not a party to any proceeding whereby his position was exempted.
5. That on May 7, 1970, the Defendant, George E. Mahin as Director of Revenue discharged the Plaintiff.
6. That the discharge of the Plaintiff was not approved by the Director of Personnel of Illinois and is not based upon any cause or written charges.
7. That it was the legal duty of the Defendant, George E. Mahin in his capacity as Director of Revenue to comply with and carry out the provisions and the rules of the Department of Personnel.
8. That the validity of said Rule 2-190F can only be attacked directly by making the Department of Personnel, the promulgator of the rule, a party to the suit.
9. That the Defendant, George E. Mahin, cannot attack the said rule collaterally by discharging an employee.
10. That the cases attacking the validity of the rule are not applicable in the instant case as hereinabove set out.
11. That the cases cited by the Defendant directed to the validity of the Rule are not applicable in view of the hereinabove findings of this Court.

THEREUPON, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion of the Plaintiff for Summary Judgment is allowed, and the Court declares that the Plaintiff as a certified merit system employee under the Personnel Code and the rules of the Department of Personnel was improperly discharged.

2. The Motion of the Defendant for Summary Judgment is accordingly denied.

3. Defendant George E. Mahin immediately reinstate Plaintiff Claude J. Flynn to his position as a certified merit system employee in the Department of Revenue of Illinois, with the position and title of Executive IV.

4. Plaintiff Claude J. Flynn be paid full back pay from the date of his unlawful discharge. The question of the amount thereof to be reserved by this Court pending the results of any appeal taken from this Order, and further proceedings by this Court.

5. Defendant George E. Mahin and each of his agents and assistants afford Plaintiff Claude J. Flynn with such responsibilities, working space and staff as are commensurate with the position and title of Executive IV.

6. The Clerk of the Court issue this Court's permanent injunction addressed and directed to the Defendants herein, which injunction shall prohibit said Defendants from acting in contravention to the commands of this Order.

7. The costs of this proceeding are taxed in favor of the Plaintiff and against the Defendant.

8. The Court expressly finds, pursuant to Section 304(a) of the Rules of the Illinois Supreme Court that there is no just reason for delaying enforcement of an appeal from this Order and it is, therefore, certified that the issues herein involved are immediately appealable.

Entered non (sic) pro tunc as of September 30, 1970."

At this juncture the chronology of events as disclosed by the record filed in this court becomes significant. The trial court's memorandum is dated August 7, 1970, and file marked by the circuit clerk August 10, 1970. The written judgment order, as set out above, is file marked by the circuit clerk October 5, 1970.

Meanwhile, on September 30, 1970, the record discloses that Allen A. Drazek, Director of Personnel of Illinois, appeared and after being granted leave of court, filed a cross-complaint for declaratory judgment instanter. All parties were ordered to file responsive pleadings within 30 days.

Notice of appeal was filed October 5, 1970, the same day that the written judgment order was filed, and proof of service on the Director of Personnel was made. Notwithstanding, there are no pleadings by the Director of Personnel in the short record submitted to us nor are any asked for in the *praecipe* filed by the Director of Revenue.

We desire to make plain that our holding in this case is not to be construed as any criticism of the trial court. His decision was made and reduced to writing on August 7, 1970, and was based on the record as it then appeared to him. At that time the Director of Personnel seemed to be in default. The events which transpired subsequent to the August 7th date have led us to our conclusions.

The presence of the Director of Personnel in this suit is the pivotal fact and dispositive of the issues. He was made a party defendant upon the filing of the complaint on May 7, 1970, and as pointed out above, filed pleadings on September 30, 1970; yet the judgment order of the trial court, filed *nunc pro tunc* as of the same date, totally ignores the Director of Personnel. It states that it is based upon "Plaintiff's Complaint for Declaratory Judgment and Temporary Injunction and the Answer of the Defendant George E. Mahin, Director of Revenue of the State of Illinois, and both parties having filed Motions for Summary Judgment * * *." The relief sought in plaintiff's complaint is identical as to both defendant Directors. We are thus led to the conclusion that there existed here, if at all, a single cause of action.

We hold that summary judgment in this case was improper and that there can be no partial disposition of a cause of action by way of summary judgment.

Our summary judgment statute (Ill. Rev. Stat. 1969, ch. 110, par. 57) was modeled on the Federal system. In the Smith-Hurd edition of our statutes, the following Joint Committee Comment appears under section 57 of chapter 110: "Section 57 provides for a summary judgment procedure of wide scope patterned upon that established by Federal Rule 56."

The Seventh Circuit Court of Appeals was called upon to construe Federal Rule 56 in at least two cases which apply to the case at bar.

In *Biggins v. Oltmer Iron Works*, 154 F.2d 214, the court said at page 216: "We observe in the beginning and will attempt to show that this rule (56), in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware."

In *Commonwealth Insurance Company of New York v. O. Henry Tent & Awning Company*, 266 F.2d 200, the court cited with approval the above language from *Biggins* and then went on to say: "* * * we approve the language used in Biggins as it applies to the controversy before us, and we adopt it as a part of this opinion. The controversy in the case at bar is a single claim * * *. In countless opinions federal courts have expressed a disapproval of piece meal litigation * * *."

We are here faced on the record submitted to us with a bifurcated case; one branch (*i.e.*, relief as against the Director of Revenue) is in this court; another branch (*i.e.*, relief as against the Director of Personnel) remains in the trial court. Yet the sole question to be determined is the validity, or invalidity, of Rule 2—190F.

In this state of the record, we hold that this is piece meal litigation and we adopt the reasoning of the U.S. Seventh Circuit Court of Appeals. When a single claim is asserted by a plaintiff, summary judgment as to less than all defendants and upon less than the whole record is improper when the effect of that judgment will be the same as to all defendants.

In so holding, we make no determination on the merits of this controversy. That remains to be done by the trial court when the counterclaim of the defendant Director of Personnel and any responsive pleadings thereto by the plaintiff and the defendant Director of Revenue are considered in the context of the entire case, including any factual issues which might arise as a result of pleadings not before us.

We note in passing that the trial court made a finding under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1969, ch. 110, par. 304(a)) which certified the immediate appealability of its order. We have already held this case to be piece meal litigation involving a single issue and therefore appellate jurisdiction cannot be conferred by such a finding. See *Veach v. Great Atlantic & Pacific Tea Company*, 22 Ill.App.2d 179, 159 N.E.2d 833; *Ariola v. Nigro*, 13 Ill.2d 200, 148 N.E.2d 787.

The judgment of the circuit court of Sangamon County is reversed and the cause remanded for further proceedings in accordance with the views contained in this opinion.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.