ZION STATE BANK AND TRUST COMPANY, Plaintiff-Appellant, *v.* EFRAIM CARLSON & SON, INC., Defendant-Appellee.

First District (1st Division)   No. 77-1137

Opinion filed February 13, 1979.—Modified on denial of rehearing March 12, 1979.

Raymond L. Jones and Arno E. Gerbrecht, both of Elgin, for appellant.

Robert J. Lifton, of Neistein, Richman, Hauslinger & Young, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an action to recover proceeds of a check cashed by plaintiff Zion State Bank and Trust Company, as a holder in due course, against defendant Efraim Carlson & Son, Inc., the maker. Initially, defendant's bank, First Trust and Savings Bank, refused to honor the check arguing that it was not properly endorsed by the payee, Allstrom Heating. After the check was re-endorsed, defendant's bank again refused to honor it, this time because defendant issued a stop payment order. The trial judge granted defendant's amended motion for a summary judgment on the

issue whether plaintiff was a holder in due course and further stipulated that there was no just reason to delay enforcement or appeal of the order. Plaintiff appealed.

On appeal, plaintiff argues (1) that the summary judgment was improperly granted; (2) that defendant's pleadings in support of the motion for summary judgment failed to show that there was no genuine question of fact as to plaintiff's status as a holder in due course; and (3) that the facts disclose that plaintiff was a holder in due course as a matter of law. Defendant has filed a motion to dismiss the appeal on the ground that the trial court's order was not final and appealable.

We dismiss the appeal. Because we find that the summary judgment was not a final appealable order, we find it unnecessary to address the other issues raised on appeal.

In January 1974, Efraim Carlson wrote a check on its account at First Trust and Savings Bank, payable to "Allstrom Heating." The amount of the check was $15,200. Several days later, Roland Allstrom went to plaintiff, Zion State Bank and Trust Company with his brother, Theodore Allstrom, Jr., to cash the check. The check was payment for work performed by Allstrom Heating at defendant Efraim Carlson & Son, Inc.'s request. Roland and Theodore Allstrom, Sr., each had personal accounts at Zion, though no account was maintained there by Allstrom Heating. Roland endorsed the check "Roland Allstrom." Zion accepted the check and paid Roland $2,200 in cash. A bank money order for the balance ($13,000) was made payable to Theodore Allstrom, Jr.

Thereafter, Zion sent the check through the clearing house to defendant's bank, First Trust and Savings. First Trust and Savings returned the check to Zion, refusing to honor it on the ground that it was not properly endorsed. At Zion's request, Roland Allstrom re-endorsed the check, adding the words "Partner, Allstrom Heating." Zion again forwarded the check to First Trust and Savings for payment and again the check was returned, this time with a notation that payment was stopped. After the check was returned the second time, Theodore Allstrom, Sr., appeared at Zion and endorsed the check, "Theodore Allstrom, Sr., Owner."

Thereafter, Zion filed this suit to recover the proceeds of the check as a holder in due course. Pursuant to section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57), defendant Efraim Carlson & Son, Inc., filed a motion for a summary judgment on the issue whether Zion was a holder in due course. After extensive hearings, the trial judge denied defendant's motion. Defendant filed a motion to reconsider and subsequently, the trial judge vacated the former order and ruled that Zion was not a holder in due course. The trial judge further certified that there

was no just reason to delay enforcement or appeal of the subsequent order. On that basis, plaintiff Zion filed the instant appeal. Defendant filed a motion to dismiss the appeal, arguing that the trial court's order is not final and appealable.

Zion argues that the summary judgment on the issue of whether Zion was a holder in due course was improperly granted. Zion argues that where a suit involves only one cause of action there cannot be a partial disposition of that cause by way of summary judgment since piecemeal litigation will result.

■ We agree that the "partial" summary judgment was improperly granted and note further that said order is not final and appealable. Section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(2)) states:

> "(2) For defendant. A defendant may, at any time, move with or without supporting affidavits for a summary judgment or decree in his favor as to all or any part of the relief sought against him."

Defendant's motion for summary judgment did not seek a summary judgment as to all or any part of the relief sought against defendant. Rather, it sought only a determination of one of the issues in the case; whether plaintiff was a holder in due course. Determination of that issue does not dispose of all or any part of the relief sought as required in section 57(2), but rather, determines only which defenses may be raised by defendant.

In *Flynn v. Mahin* (1971), 1 Ill. App. 3d 51, 272 N.E.2d 381, the court held that a partial summary judgment is improper where, as here, the suit involves only a single cause of action. In that case, an employee filed a suit against the Director of Revenue and the Director of Personnel challenging the validity of his dismissal. In reversing a summary judgment rendered only against the Director of Revenue, the court stated:

> "We hold that summary judgment in this case was improper and that there can be no partial disposition of a cause of action by way of summary judgment.

> Our summary judgment statute (Ill. Rev. Stat. 1969, ch. 110, par. 57) was modeled on the Federal system. In the Smith-Hurd edition of our statutes, the following Joint Committee Comment appears under section 57 of chapter 110: 'Section 57 provides for a summary judgment procedure of wide scope patterned upon that established by Federal Rule 56.'

> The Seventh Circuit Court of Appeals was called upon to construe Federal Rule 56 in at least two cases which apply to the case at bar.

> In *Biggins v. Oltmer Iron Works*, 154 F.2d 214, the court said at

page 216: 'We observe in the beginning and will attempt to show that this rule (56), in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware.'

In *Commonwealth Insurance Company of New York v. O. Henry Tent & Awning Company*, 266 F.2d 200, the court cited with approval the above language from *Biggins* and then went on to say: '* * * we approve the language used in Biggins as it applies to the controversy before us, and we adopt it as a part of this opinion. The controversy in the case at bar is a single claim.* * *'" 1 Ill. App. 3d 51, 55-56.

As the court went on to note, a partial disposition of a single cause of action by way of summary judgment is "piece meal litigation." Consequently, the court concluded that the order granting the partial summary judgment was not final and appealable. The same is true in the instant case where the trial court improperly granted a summary judgment pertaining to an issue that did not dispose of all or any part of the relief sought against defendant in plaintiff's single cause of action. The trial judge's certification that "there is no just reason delaying enforcement or appeal" did not render final and appealable the order which was in fact, interlocutory. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188; *Markstahler v. Consumers Development & Construction, Ltd.* (1977), 52 Ill. App. 3d 918, 368 N.E.2d 791.) We therefore grant defendant's motion to dismiss this appeal since appellate jurisdiction has not been conferred on this court.

For the foregoing reasons, the appeal of the order of the circuit court of Cook County is dismissed.

Appeal dismissed.

GOLDBERG, P. J., and O'CONNOR, J., concur.